In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et. al., Respondents, v RICHARD J. BARTLETT, as State Administrative Judge of the Administrative Board of the Judicial Conference of the State of New York, et al., Appellants.

Third Department, February 19, 1976

*Michael R. Juviler (Michael Colodner* of counsel), for Richard J. Bartlett, appellant.

*Louis J. Lefkowitz, Attorney-General (John Q. Driscoll* and *Ruth Kessler Toch* of counsel), for Arthur Levitt, appellant.

*James T. Hancock* for respondents.

REYNOLDS, J. The appellant Arthur Levitt, as Comptroller of the State of New York, is not bound by the decision of the hearing officer. The Comptroller was not a party to the collective bargaining agreement and was not a party to the grievance procedure instituted by petitioners. The Comptroller is entitled to a judicial review of the legality of his decisions made in performance of his duties specified in section 1 of article V of the New York Constitution and sections 8 and 111 of the State Finance Law. Furthermore, both the Comptroller and the State Administrative Judge in their separate answers allege that the issues raised in the grievance proceedings do not come within the provisions of the Civil Service Employees Association agreement and should not be considered within the article 18 grievance procedure thereof. This issue has not received judicial review to confirm or vacate the award (CPLR 7510, 7511) and can be considered and determined now *(Matter of Antonopoulou v Beame,* 32 NY2d 126).

We conclude that the issues raised by petitioners are not grievances arising under the collective bargaining agreement. On the merits, the sole issue is the proper construction of subdivison 6 of section 219 of the Judiciary Law. We find that appellants have properly interpreted and applied these provisions in fixing the salaries of petitioners (see *Totero v Levitt,* 51 AD2d 109 [decided herewith]).

The judgment should be reversed, on the law, and the petition dismissed, without costs.

GREENBLOTT, J. (dissenting). I respectfully dissent. A brief statement of the pertinent facts is required. Petitioner Philage was employed in the Conciliation Bureau by the Administra-

tive Board of the Judicial Conference from February, 1970 through June 28, 1973 at grade 22. The Conciliation Bureau was discontinued, at which time Philage received an appointment to the Mental Health Information Service at grade 19. Petitioner Pagano was employed in the Conciliation Bureau from September, 1967 through June 28, 1973, also at grade 22 and he, too, was on June 28, 1973 appointed to the Mental Health Information Service at grade 19.

The petitioner Civil Service Employees Association (C.S.E.A.), an employee organization, was certified under the Taylor Law as the negotiating representative of a bargaining unit of the Judicial Conference Employees of the State of New York. Pursuant to article 18 of the agreement entered into between the Administrative Board of the Judicial Conference and C.S.E.A., effective April 1, 1973 through March 31, 1976, the employees within the bargaining unit are entitled to institute grievances following the procedures provided for in the agreement.

On or about September 10, 1973, the individual petitioners initiated a grievance in accordance with step 1, as provided in section 18.2 (A) of the agreement. The grievance was based on the failure of the Judicial Conference to pay them what they contended was the proper rate of compensation as required by article 6, section 6.2 of the contract which provides that the basic annual salary of employees will be increased by 6 1/2% in addition to increments payable under the law. It was their contention that, under subdivision 6 of section 219 of the Judiciary Law, they were entitled to receive compensation which reflects the total number of years of service in the positions from which and to which they were appointed or transferred. Since petitioner Pagano had more than six years of continuous service, he sought to be paid at the maximum level of grade 19. Petitioner Philage had more than three years of continuous service and sought compensation at the third level of grade 19.

The individual petitioners were informed that their salaries were correct and they appealed to the Director of Administration of the Fourth Judicial Department, on September 19, 1973 in accordance with step 2 of the grievance procedure. By written reply of September 25, 1973, the director ruled that the matter was not grievable within the C.S.E.A. contract. Thereupon petitioners appealed to the State Administrator pursuant to step 3 of the grievance procedure. Under section

18.2 (C) of the contract, the State Administrator or his designated representative was obliged to meet with the employees for a review of the grievance and to issue a written decision by the end of the tenth working day after such review. Section 18.2 (D) of the agreement provides that an appeal to arbitration from an unsatisfactory decision at step 3 may be made by either the Judicial Conference or C.S.E.A. within five days of receipt of the State Administrator's decision.

The State Administrator referred the matter to his designated representative who, after review, issued a decision in which he found that the matter was grievable, and that under subdivision 6 of section 219 of the Judiciary Law, the petitioners were entitled to be paid at the maximum level and at the third level of grade 19 respectively. The Judicial Conference never appealed to arbitration from this adverse decision.

The petitioners were not paid according to the decision of the State Administrator's designated representative and commenced the present proceeding. The Comptroller contends that the petitioners' grievance was not a grievance arising under the agreement, and, in any event, since he was not a party to the proceeding, the State Administrator's decision was not binding on him. The majority agrees, finding that the Comptroller is entitled to a judicial review of his decisions made in performance of his duties specified in the New York State Constitution and State Finance Law. With this finding I cannot agree. This is not an appeal from a decision of the Comptroller, nor is there any provision in either the New York State Constitution or the State Finance Law which supports the conclusion of the majority.

I agree with Special Term that the Judicial Conference had the right to arbitration, but for reasons only known to it, did not pursue that remedy. It would be most unfair to hold that the grievance procedures provided for in the contract had no validity because the Comptroller was not made a party thereto when there is nothing in the agreement or the law indicating that the Comptroller was a necessary party to those procedures. Agreements reached as a result of the collective bargaining process should be binding on both sides.

It is my further opinion that the petition should be granted on the merits. Subdivision 6 of section 219 of the Judiciary Law provides as follows: "Appointments, transfers, reinstatements, demotions and displacements to lower grade positions. If an employee is demoted or displaced to a position in a lower

grade or is *appointed,* transferred or reinstated to a position in a lower grade, he shall, upon such demotion, appointment, displacement, transfer, or reinstatement, receive the rate of compensation which corresponds with the total number of his years of service in the positions *from which and to which* he is demoted, displaced, appointed, transferred or reinstated, as the case may be, and, for the purpose of computing future increments, he shall be credited with the number of years of service in such position which corresponds with such rate of compensation. If an employee is demoted to a position in a lower grade, he shall, upon such demotion, be paid the salary in such lower grade *which corresponds with the number of his years of service in the grade from which he was demoted,* or, in the discretion of the administrative board of the judicial conference, he may be paid a higher rate of compensation, not exceeding the maximum of the grade to which such position is allocated, and not exceeding the rate of compensation received prior to such demotion, and, for the purpose of computing future increments, he shall be credited with the number of years of service in such position which corresponds with such rate of compensation." (Emphasis added.)

The express language of subdivision 6 provides that an employee transferred to a lower grade shall receive credit for the total number of his years of service in the positions from which and to which he is transferred. Appellants further argue that petitioners should be limited to increments for their years of service only after their positions were allocated to grade in 1972. For the reasons set forth in my dissenting opinion in *Totero v Levitt* (51 AD2d 109 [decided herewith]), I reject this contention.

I vote to affirm.

SWEENEY, KANE and LARKIN, JJ., concur with REYNOLDS, J.; GREENBLOTT, J. P., dissents and votes to affirm in an opinion.

Judgment reversed, on the law, and petition dismissed, without costs.