CHARLES A. TOTERO et al., Respondents, v ARTHUR LEVITT et al., Appellants.

Third Department, February 19, 1976

*Louis J. Lefkowitz, Attorney-General (John Q. Driscoll* and *Ruth Kessler Toch* of counsel), for Arthur Levitt, appellant.

*Michael R. Juviler (Michael Colodner* and *Anna M. Latella* of counsel), for Richard J. Bartlett, appellant.

*De Graff, Foy, Conway & Holt-Harris (Carroll J. Mealey* of counsel), for respondents.

REYNOLDS, J. Petitioners, law secretaries to the Supreme Court Justices of the Ninth Judicial District, brought this article 78 proceeding against RICHARD J. BARTLETT, as State Administrative Judge, and Arthur Levitt, as State Comptroller, to compel the payment to them of salaries at steps within grade 31 which reflect their prior years of service as law secretaries retroactive to April 4, 1974. The Special Term

denied petitioners' request for increases for the 1974-1975 fiscal year on the ground petitioners' salaries during the 1974-1975 fiscal year were the maximum amount the Comptroller could pay because their salaries were line items in the judicial appropriation act (L 1974, ch 51, § 3, as amd by L 1974, ch 992, § 30) and the Comptroller could not be ordered to pay salaries in excess of the amount appropriated for the positions in the appropriation act. No appeal has been taken from that part of the decision denying salary increases for the 1974-1975 fiscal year. The Special Term granted the petition to the extent of ordering the State Administrative Judge to grant to petitioners credit for prior years' service in the position of law secretary in the final determination of their salary under the newly adopted salary plan for exempt class positions and directing payment thereof accordingly.

Before 1972, salaries of all State-paid nonjudicial employees of the unified court system were fixed by annual budget bills. The Legislature enacted a salary plan for nonjudicial employees effective April 1, 1972 which created a statutory system for the determination of salaries (L 1972, ch 283, §§ 59-61). By this enactment the Administrative Board of the Judicial Conference was directed to allocate all State-paid positions in the competitive, noncompetitive and labor classes to salary grades pursuant to the plan (Judiciary Law, § 219, subd 2). Petitioners held State-paid exempt class positions and were not subject to mandatory allocations under the plan. Subdivision 2 of section 219 of the Judiciary Law provides in part that: "In the discretion of the administrative board any or all state-paid exempt class positions may also be so paid, within the appropriation available therefor." Pursuant to this discretionary authority, the Administrative Board of the Judicial Conference classified petitioners' positions as "Law Secretary to Justice" and allocated their position to salary grade 31, effective April 4, 1974. Law secretaries whose current salaries were below the grade 31 minimum were raised to the minimum; those whose salaries were above the minimum were "slotted into" the grade 31 salary schedule at the increment level equivalent to their current salaries. Petitioners had salaries below the grade 31 minimum before allocation. Their salaries were raised to the minimum and "slotted into" grade 31 at the minimum level of salary for that grade, namely $26,515. These salaries were then incorporated into section 29

of the State's supplemental budget bill (L 1974, ch 51, as amd by L 1974, ch 992 [supplemental budget p 287]). On this appeal, we must determine if paragraph a of subdivision 4 of section 219 of the Judiciary Law grants to petitioners salary increments as set forth in paragraph b of subdivision 1 of section 219 of the Judiciary Law based on years of service prior to the salary allocation. This section reads as follows: "4. Annual increments; determination of salaries. a. Rates of compensation. An employee holding a position allocated to one of the salary grades included in subdivision one of this section shall receive the minimum salary of the salary grade to which his position is allocated, plus the number of increments which corresponds with the number of his years in service in such position, unless his services during the year immediately preceding shall have been found to be unsatisfactory. No employee shall receive an increment which would result in his receiving an annual salary in excess of the maximum of the salary grade to which his position is allocated or of the amount to which he may be entitled pursuant to subdivision one of this act."

We conclude that this section does not mandate a salary scale which reflects years of service prior to their allocation to graded positions. This section must be interpreted in light of the over-all purpose of the enactment. It is our opinion that the Legislature did not intend to grant substantial increases to petitioners by this legislation. The allocation to a salary grade for these exempt class positions was discretionary with the administrative board. There is no provision in section 219 of the Judiciary Law which governs the allocation to the salary grade schedule of a position in the exempt class. Salary grades for exempt positions were to be paid "within the appropriation available therefor" (Judiciary Law, § 219, subd 2). Section 61 of chapter 283 of the Laws of 1972 provides that "[i]t is the intention of the legislature * * * that such section two hundred nineteen shall not have the effect of increasing the salary of any employee * * * by an amount greater than four percent * * * except as provided by subdivisions five, seven, eight or eleven". (See L 1972, ch 283, § 59, subd 3.) Paragraph a of subdivision 4 is not listed as an exception to this 4% increase. Although sections 59 and 61 apply only to the 1972-1973 fiscal year, those sections indicate that the Legislature intended that salaries under the allocation system were to be determined only with reference to prior salaries

and not based on prior years of service. We hold that subdivision 4 of section 219 of the Judiciary Law provides only for annual raises after a position has been allocated to grade. Paragraph a of subdivision 4 is headed "Annual increments" a designation unsuitable to an original allocation. It mandates that the employee receive the minimum salary, plus the number of increments "which corresponds with the number of his years in service in such position". "In such position" refers only to the graded position, for the subdivision applies only to employees holding graded positions.

The record indicates that petitioners all obtained increases when they were "slotted" into salary grade 31. If petitioners' contentions are upheld, many of them would immediately be granted the maximum annual salary of $30,131 or an additional immediate increase of several thousand dollars.

In construing these statutory provisions, we are required to give considerable weight to the procedural construction given to them by the administrative board that had the duty of establishing and administering the salary provisions. " '[I]t is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld'." *(Matter of Lezette v Board of Educ., Hudson City School Dist.,* 35 NY2d 272, 281, quoting *Matter of Howard v Wyman,* 28 NY2d 434, 438.)

The judgment should be reversed, on the law, and the petition dismissed, without costs.

GREENBLOTT, J.P. (dissenting). In my view, a plain reading of paragraphs a and b of subdivision 1 and paragraphs a and (c) of subdivision 4 of section 219 requires an affirmance of the decision at Special Term. The respondent Administrative Judge should be directed to certify the prior years of service of petitioners and their entitlement to salaries at steps within grade 31 which are reflective of their years of service prior to April 4, 1974.

Paragraph a of subdivision 1 of section 219 of the Judiciary Law provided that, effective April 1, 1973, a salary grade schedule for State-paid positions in the unified court system was established. It set up 38 salary grades with minimum annual salaries ranging from $5,089 to $34,260, with provisions for annual increment steps for the first five years, followed by a longevity step and an extra longevity step. Paragraph b of subdivision 1 provides that, effective April 1,

1974, a salary grade schedule for State-paid positions in the unified court system was instituted. This schedule also set up 38 salary grades with minimum annual salaries ranging from $5,369 to $36,144 with annual increment steps for the first five years, followed by two longevity steps. These paragraphs were enacted at the same time, in 1972. If the appellants and the majority are correct in their position that it was the intent of the Legislature in the enactment of paragraphs a and b of subdivision 1 of section 219 of the Judiciary Law not to base employees' salaries on prior years of service, paragraph a of subdivision 1 would not have contained provisions and salary schedules for five annual steps and two longevity steps. This had to be so because the Legislature enacted paragraph b at the same time, providing for "b" to become effective April 1, 1974, just one year later. Thus, since it was recognized that the grade schedules would again change in a year, it is obvious that the purpose of the seven salary steps was to fix salaries for the final year from April 1, 1973 to March 31, 1974 in accordance with the employee's prior years of service in the position. Further proof of this conclusion is found in paragraph a of subdivision 4 of section 219 which provides: "Rates of compensation. An employee holding a position allocated to one of the salary grades included in subdivision one of this section shall receive the minimum salary of the salary grade to which his position is allocated, plus the number of increments which corresponds with the number of his years in service in such position, unless his services during the year immediately preceding shall have been to be unsatisfactory. No employee shall receive an increment which would result in his receiving an annual salary in excess of the maximum of the salary grade to which his position is allocated or of the amount to which he may be entitled pursuant to subdivision one of this act."

Appellants urge that the phrase "years of service in such position" applies only to years of service after the position has been allocated. I feel that such an interpretation actually renders the clause meaningless, for if increments were to be payable only for years of service subsequent to that allocation, that purpose was already achieved by setting forth the salary payable for the first through fifth years in the schedules in subdivision 1 and by providing for longevity steps in the schedules in accordance with the provisions of subdivision 3.

Furthermore, if increments were not to have been payable

for years of prior service, the Legislature could have so provided in much clearer language, and there would have been no purpose to the provision in paragraph (c) of subdivision 4, limiting certain employees to two increments for the fiscal year beginning April 1, 1973.

Appellants contend that employees to whom section 219 was applicable were "slotted" into grade *at the step* corresponding to actual salary increased by 4% pursuant to section 59 of chapter 283 of the Laws of 1972. I am unable to agree with the assertion that grade and step were so determined. Section 219 is replete with provisions governing the treatment of employees whose salaries were below the minimum of grade *after* allocation. If all employees had been placed in a grade and at a step based on prior salary, then it clearly follows that no employee would have been below the minimum of grade (except employees whose salaries were below the minimum of grade 1). It also follows, however, that under such a procedure employees holding identical positions but receiving substantially different salaries might have been placed in different grades. Obviously this was not done, for it is undisputed that all employees holding identical positions were to be placed in the same grade regardless of prior salary differentials. It therefore follows that the purpose of setting forth steps within grade in the salary schedule operative for fiscal year 1973 (subd 1, par a) was to implement the legislative objective as set forth in paragraph a of subdivision 4 of crediting employees with increments for years of service in such position prior to allocation. The aforesaid section 59, together with section 61, of chapter 283 of the Laws of 1972, which were only effective in 1972, had as their only purpose, the limitation of raises actually payable in 1972. (The power of the Legislature to limit salaries by appropriation, notwithstanding the provisions of section 219, is not disputed, and it was in fact held by the court at Special Term, in a determination not challenged on this appeal, that petitioners are not entitled to compensation in excess of amounts actually appropriated. The remedy granted by Special Term was limited to directing the appellant State Administrative Judge to correctly certify petitioners' years of service for the guidance of the Legislature in making future appropriations.)

For the reasons stated herein, I dissent and vote to affirm.

SWEENEY, KANE and LARKIN, JJ., concur with REYNOLDS, J.; GREENBLOTT, J. P., dissents and votes to affirm in an opinion.

Judgment reversed, on the law, and petition dismissed, without costs.