■    In the Matter of Louis Aboulafia et al., Appellants, v Richard J. Bartlett, as State Administrative Judge of the Administrative Board of the Judicial Conference of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered September 29, 1975 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, seeking to annul a decision of the Administrative Board of the Judicial Conference which denied petitioners longevity increments pursuant to section 219 of the Judiciary Law. Employed in the competitive class of State service as Court Reporters in the Supreme Court, Tenth Judicial District, petitioners each had 10 or more years of service in the position when, on April 4, 1974, the position was classified as Court Reporter II and allocated to Salary Grade 27. Upon notification that they had been allocated to Salary Grade 27 at the fifth year step, petitioners filed objections, pursuant to the rules of the administrative board, in which they contended that they should have been given longevity credit for their years of service prior to April 4, 1974 so as to be entitled to an additional increment or increments under subdivision 3 of section 219 of the Judiciary Law. Following adoption by the administrative board of a hearing officer's recommendation that their objections be denied, petitioners instituted the present proceeding in which their petition was dismissed by Special Term. This appeal ensued. We find that the judgment of Special Term must be affirmed. As can be readily seen from the express language of subdivision 3 of section 219 of the Judiciary Law, additional increments for longevity are earned only when an employee holding a position allocated to a salary grade has reached, on or after April 1, 1972, the maximum salary of the grade and "thereafter has rendered continuous service in such position, or in a position in the same salary grade" for five and 10-year periods. In this instance, since petitioners did not reach the maximum salary in a graded position until the date of allocation, i.e., April 4, 1974, they are accordingly not eligible for any additional longevity increment until at least five years "thereafter" on April 4, 1979. Only recently, in *Totero v Levitt* (51 AD2d 109), this court interpreted the related subdivision 4 of section 219 of the Judiciary Law and denied law secretaries to Supreme Court Justices salaries at annual incremental steps within their grade to reflect their years of service prior to allocation. Our decision here is even more obvious because, as noted above and in contrast to *Totero (supra)*, the statute in question in this case expressly requires five years continuous service *after* an employee has reached the maximum salary within an allocated position before the employee can qualify for an additional longevity increment. Moreover, that the statute in question here had an effective date of April 1, 1972 does not alter this result and entitle petitioners to have their years of service after April 1, 1972 counted toward their time in service for future salary increments. While the statute clearly obligated the administrative board to allocate petitioners' positions as court reporters, nothing in the record indicates any unreasonable delay from the effective date of the legislation until the date of allocation, and on this latter date, as the above analysis indicates, petitioners commenced earning any additional longevity increments to which they may subsequently be entitled. Judgment affirmed, without costs. Kane, Main, Larkin and Reynolds, JJ., concur;

Greenblott, J. P., dissents in part in the following memorandum. Greenblott, J. P. (dissenting in part). I dissent in part. It is my view that the same statutory language which supports the determination that petitioners are not yet entitled to longevity increments mandates that petitioners be granted credit toward the earning of longevity for each year of service in the position subsequent to the achievement of maximum salary Grade 27 or April 1, 1972, whichever is later. Subdivision 3 of section 219 of the Judiciary Law provides in pertinent part that "when an employee holding a position allocated to a salary grade * * * has reached, on or after April first [1972], a salary equal to or in excess of the maximum salary of the grade of his position and thereafter has rendered continuous service in such position", he shall be entitled to longevity increments after five and 10 years of such continuous service. I read this provision to mean that years of continuous service must be counted from the time maximum salary is reached, except that where maximum salary was reached prior to April 1, 1972, that becomes the date from which the counting begins. Only a strained interpretation would lead to the conclusion that no rights accrue or credits begin to be earned until a position is allocated, for otherwise the specific reference to April 1, 1972 in the statute, which was to be made effective as of that date even though not enacted until May of 1972, would have been meaningless. The majority points out that nothing indicates any unreasonable delay on the part of the respondents in allocating petitioners' positions. I do not contend otherwise; nor do I regard such a consideration as being at all relevant. Section 219 was intended to apply to a diverse category of State-paid employees in the unified court system (subd 2), and as employees in competitive class positions, petitioners were entitled to have their positions allocated. It strains credulity to assume that the Legislature intended that this enactment apply other than with equal force and at the same time to all employees upon whom its benefits were intended to be conferred. Even if it be assumed that respondents could not even with the most diligent efforts implement the statute as to all employees simultaneously, the Legislature ameliorated the impact on those employees whose positions were not allocated first by making the benefits of the statute effective for all as of April 1, 1972. The majority relies on *Totero v Levitt* (51 AD2d 109). That case dealt with allocation of step within grade upon allocation under somewhat different provisions of section 219; with regard to longevity increments, the statute is clear that credit toward same cannot begin to be accumulated until on or after April 1, 1972. While I continue to adhere to my dissent in *Totero* (51 AD2d 109, 112), I do not feel that the result in that case is dispositive of the case at bar either way. I simply conclude that petitioners should be entitled to credit toward longevity from such time on or after April 1, 1972 at which they achieved maximum salary in the grade to which their positions were ultimately allocated, regardless of when such allocation took place. The record does not indicate whether any or all of the petitioners had, in fact, as of April 1, 1972, achieved a salary equal to the maximum of Grade 27. If such maximum salary was not, for example, achieved until April 1, 1973, credit toward longevity would not begin to accrue until that date. I believe the matter should be remanded to Special Term for a determination of when each petitioner achieved a salary corresponding to the maximum within Grade 27, and respondents should be directed to grant credits accordingly, but in no event from a date prior to April 1, 1972. I, therefore, vote to reverse and remand for further proceedings in accordance herewith.