OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, without costs, to the extent of remitting the matter to Supreme Court with directions to enter judgment ordering the Administrative Board of the Judicial Conference to recalculate petitioners’ salaries as if they had been allocated to grade 27 effective April 1, 1972. As so modified, the order should be affirmed.
Respondents now concede (as was the view of Mr. Justice Louis M. Greenblott, the dissenter at the Appellate Division) that, for the purposes of subdivision 3 of section 219 of the Judiciary Law as added by section 60 of chapter 283 of the Laws of 1972, petitioners’ salaries are to be calculated as if petitioners had been allocated to grade 27 effective April 1, 1972. Not content with this concession petitioners further urge that, for purposes of reckoning their entitlement to longevity increments under subdivision 3, continuous service in their positions should extend as well to service prior to April 1, 1972.
The limitation of the statute becomes clear with the elision of unnecessary words and the addition of emphasis—"when an employee holding a position allocated to a salary grade prescribed in subdivision one * * * has reached, on or after April first, nineteen hundred seventy-two, a salary equal to or in excess of the maximum salary of the grade of his position and thereafter has rendered continuous service in such position * * * he shall be entitled, on the first day of the fiscal year following completion of five years of such service* to an additional increment of the grade to which his position is allocated, and following completion of ten years of such service, to a second additional increment of such grade”. As we read this provision, "thereafter” relates unmistakably to April 1, 1972, and in both instances "such service” refers to continu *888 ous service rendered after that date. Thus, petitioners’ reach for credit for past service prior to April 1, 1972 must fail.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and •Cooke concur; Chief Judge Breitel taking no part.
Order modified, without costs, and the matter remitted to Supreme Court, Albany County, for the entry of judgment in accordance with the memorandum herein and, as so modified, affirmed.