■ In the Matter of JOHN W. KNISLEY et al., Appellants, v RICHARD J. BARTLETT, as State Administrative Judge of the Administrative Board of the Judicial Conference of the State of New York, et al., Respondents.—Appeal from so much of a judgment of the Supreme Court at Special Term, entered April 3, 1978 in Albany County, which denied petitioners' application in a proceeding pursuant to CPLR article 78, seeking credit for years of service prior to April 1, 1972 toward longevity increments. Effective April 17, 1975, the Administrative Board of the Judicial Conference classified all State paid positions of court stenographer in the Supreme Court in the Fifth, Seventh and Eighth Judicial Districts to the title of court reporter II, and allocated that title to salary grade 27. The affected court stenographers previously held State Paid positions in the unclassified service, and were not paid according to any salary schedule. On April 17, 1975, petitioners had been employed as court stenographers in the Fifth and Seventh Judicial Districts for more than 10 years. In accordance with the then section 219 [presently § 37] of the Judiciary Law, as interpreted by the Administrative Board, petitioners' salaries did not reflect their years of service in their positions prior to classification and allocation. Appellants contend that they should have been given increment credit for all years of service as court stenographers before their titles were allocated to salary grades, including the special longevity increments for those who had served five or 10 years. The hearing officer, relying on *Totero v Levitt* (51 AD2d 109), recommended that the Administrative Board deny the appeals. On February 10, 1977, the board notified petitioners, by letter, that their appeals were denied. On April 7, 1977, the decision in *Totero v Levitt (supra)* was reversed by the Court of Appeals *(Totero v Levitt,* 41 NY2d 1002). Special Term determined that petitioners shall be allocated to salary grades effective April 1, 1972 with increment credits for their prior years' service, but denied the petition for credit for prior years' service prior to April 1, 1972 towards longevity increments. Petitioners assert that they are entitled to the longevity increments provided for under section 219 of the Judiciary Law, and that the denial thereof is in violation of article VI (§ 35, subd *1)* of the New York State Constitution which provides as follows: "As may be provided by law, the non-judicial personnel of the courts affected by this article in office on the effective date of this article shall, to the extent practicable, be continued without diminution of salaries and with the same status and rights in the courts established or continued by this article". Except for the question of the violation of the above section of the New York State Constitution, the question presented is identical with one of the issues presented in *Matter of Aboulafia v Bartlett* (54 AD2d 1026, mod 43 NY2d 886), wherein this court said: "As can be readily seen from the express language of subdivision 3 of section 219 of the Judiciary Law, additional increments for longevity are earned only when an employee holding a position allocated to a salary grade has reached, on or after April 1, 1972, the maximum salary of the grade and

'thereafter has rendered continuous service in such position, or in a position in the same salary grade' for Five and 10-year periods. In this instance, since petitioners did not reach the maximum salary in a graded position until the date of allocation, i.e., April 4, 1974, they are accordingly not eligible for any additional longevity increment until at least five years 'thereafter' on April 4, 1979." The Court of Appeals modified this determination to provide that petitioners' salaries be recalculated as if they had been allocated to grade 27 effective April 1, 1972, and rejected the petitioners' contention that they were entitled to credit for longevity increments for service prior to April 1, 1972. Petitioners' contention that the failure to provide credit towards longevity increments for service prior to April 1, 1972 violates article VI (§ 35, subd *l*) of the New York State Constitution is without merit. Their salaries have not been diminished, in fact, they have been increased by reason of increments to which they were not previously entitled. Their rights were also increased by the granting of increments based upon prior service, and the further granting of rights to longevity increments for continuous service after April 1, 1972. These rights were not available to them prior to April 1, 1972, while they were in the unclassified service. Petitioners are, therefore, entitled to credit for longevity increments only for years of continuous service after April 1, 1972. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.