■ In the Matter of JOHN W. KNISLEY et al., Appellants, v RICHARD J. BARTLETT, as State Administrative Judge of the Administrative Board of the Judicial Conference of the State of New York, et al., Respondents.—Appeal from so much of a judgment of the Supreme Court at Special Term, entered April 3, 1978 in Albany County, which denied petitioners' application, in a proceeding pursuant to CPLR article 78, seeking credit for years of service prior to April 1, 1972 toward longevity increments. On the original appeal herein *(Matter of Knisley v Bartlett,* 70 AD2d 710), this court affirmed Special Term's determination that petitioners shall be allocated to salary grades effective April 1, 1972 with increment credits for prior years' service, but denied the petition for credit for prior years' service before April 1, 1972 toward longevity increments. This court concluded that petitioners are entitled to credit for longevity increments only for years of continuous service after April 1, 1972. Petitioners, having been granted permission to reargue the appeal for the purposes of clarification of this court's previous

decision, present the single issue as to whether the fiscal year beginning April 1, 1972 should be included in computing credit for longevity increments for years of continuous service after April 1, 1972. Subdivision 3 of section 37 of the Judiciary Law (formerly Judiciary Law, § 219) requires that an employee must be at the maximum salary for his grade for five years after April 1, 1972 in order to receive the first longevity increment (cf. *Matter of Aboulafia v Bartlett,* 43 NY2d 886). On April 1, 1972, the annual salary for petitioners' position was $20,979. This salary was increased by 4% to $21,819, effective April 1, 1972, and was less than the maximum step in their grade 27, which was $21,917. Petitioners did not reach the maximum of their grade until April 1, 1973. It appears from the provisions of sections 59 and 61 of chapter 283 of the Laws of 1972 that the fiscal year 1972 was not intended to be included for longevity purposes for any employee in petitioners' grade not already at the maximum, since chapter 283 does not have the effect of increasing the salary of petitioners by an amount greater than 4%. Unless petitioners were at the maximum of their salary grade, they could not attain the maximum level of salary by means of the increase provided for the fiscal year 1972. Petitioners are not entitled to receive credit toward longevity increases for the fiscal year April 1, 1972 to April 1, 1973. Judgment affirmed without costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., Concur.