Hon. Edward V. Regan State Comptroller
This is in reply to the request of your Counsel for our opinion as to whether a State employee, reinstated after resignation to his position retroactively by action of the Civil Service Commission or Chief Judge, is entitled to a lump sum payment of the difference in salary between the entrance level, or hiring rate, and the increment level (or job rate) which the employee attained as a result of the formal reinstatement, retroactive to the actual date of return to duty. We believe he is, but not by reason of the retroactive reinstatement. As we interpret Civil Service Law, § 131 (4), the returning employee is entitled to be paid at the rate reflecting his prior years of satisfactory service in the same or similar position. Accordingly, retroactive reinstatement adds nothing to that right.
In an illustrative case, an employee who resigned her position in the New York State Department of Transportation to relocate outside New York State, sought to return to her job after a lapse of more than one year. Apparently unaware of the possibility of reinstatement by action of the Civil Service Commission under Civil Service Rule § 5.4, she took an open competitive examination for her former title and was appointed from the eligible list in March 1974 to her former agency and location as a new employee. Four years later, an application for her reinstatement under Rule § 5.4 was made to the Civil Service Commission, and was granted on April 25, 1978, retroactive to the date of her return. Accordingly, she sought the difference in salary between the entrance level and the appropriate increment levels reflecting her years of prior service for the period between her return and the Commission action. After her claim to retroactive salary was denied, she obtained a judgment in a CPLR Article 78 proceeding directing such payment.
In any given case after resignation, reinstatement by action of the Civil Service Commission or Chief Judge restores the employee to his former position without the need for a new examination or probationary period and with all formerly attained rights of seniority flowing from continuity of service. Typically, this is accomplished before the employee actually returns. Even where a "new" appointment precedes the reinstatement, however, the benefits of restored seniority accrue immediately upon the Commission's action. There is no discernible need to make the reinstatement retroactive to restore these benefits.
In our view, entitlement of a former State employee, who has returned to service in the same or similar position after an absence of more than one year, either by a new appointment or reinstatement, to the salary level previously attained, is clearly authorized by statute. Civil Service Law, § 131 (4) provides as follows:
 "4. Appointments, transfers and reinstatements to similar grade positions. If such an employee is appointed, transferred, or reinstated to a position in the same salary grade, he shall be paid the same salary in the new position as he received in his former position."
The plain language of this provision cannot be disregarded (Totero vLevitt, 41 N.Y.2d 1002 [1977], revg 51 A.D.2d 109 on the basis of the dissenting opinion below). Thus, the returning employee's right to be paid at the formerly attained rate or level is not dependent upon the manner or re-entry, i.e., whether by new appointment or reinstatement by the Civil Service Commision. The entitlement arises immediately by virtue of the prior satisfactory service. Consequently, when the Civil Service Commission formally reinstates a former employee, retroactively, who has already returned through regular appointment channels, it cannot be said that such action restores the former salary rate retroactively, since that rate was due and payable immediately in any case by virtue of Civil Service Law, § 131 (4). Where the employee has not been paid at the proper rate, he may claim the difference retroactively.
We have advised Counsel to the Office of Court Administration to the same effect with regard to increment levels attained under Judiciary Law, § 37, which is patterned after Civil Service Law, §§ 130 and 131.