NEW-YORK PRACTICE REPORTS.    517

Manning and Glenton agt. The State of Nicaragua and The Accessory Transit Co.

## SUPREME COURT.

Thomas Manning and Jonas Glenton agt. The State of Nicaragua and The Accessory Transit Company.

Although a sovereign, or a sovereign state, in their political capacity, cannot be sued in the courts of another state or nation, for the purpose of *enforcing* any remedy against them, yet a state may be made defendant in an action, for the purpose of giving it an opportunity to appear, and thus to enable a court to decide more intelligently and equitably, in relation to demands which are sought to be enforced against other defendants.

States, as well as individuals, it may be presumed as a general rule, are the best judges of what affects their own dignity and advantage ; and it may be safely left to their own sovereign option, to determine whether they shall take part or not in any judicial controversy.

It cannot be ascertained until the hearing, whether the state shall exercise its option to appear, or whether the final adjudication can properly be made without its appearance, consequently, the objection by demurrer, that the state is an improper party, cannot be sustained at the commencement of the action.

*New-York Special Term, April,* 1857.
Demurrer to complaint.

Burrill, Davison & Burrill, *for plaintiffs.*
Sandford & Striker, *for defendants.*

Clerke, Justice.   The principal if not the exclusive object of this action, is to enforce the recovery of a demand against the Accessory Transit Company, assigned by the state of Nicaragua, to the plaintiffs.   The plaintiffs have deemed it proper to make the state of Nicaragua co-defendants with the Accessory Transit Company ; and the latter demur to the complaint, on the ground that a sovereign, or a sovereign state, cannot be sued in the courts of another state.

Undoubtedly, a sovereign, or a sovereign state, in their political capacity, cannot be sued in the courts of another state or

nation, for the purpose of *enforcing* any remedy against them. In short, they are not subject to the coercive power of any judicial tribunal, except where they may have expressly consented, as by treaty, (a possible case,) or like the sovereign states of this confederation, by a federal compact, for the purpose of forming " a more perfect union." But, cannot a state be made a defendant in an action, for the purpose of giving it an opportunity to appear, and thus to enable a court to decide more intelligently and equitably, in relation to demands which are sought to be enforced against other defendants? There is nothing necessarily derogatory to the character or independence of a state, to be mentioned merely as defendants, conjointly with others in an action. The joinder may amount to nothing more than an invitation to appear by their representatives or agents; and it may be their desire to accept the invitation, if they consider that their appearance would be conducive to justice or to their own interests. States, as well as individuals, it may be presumed as a general rule, are the best judges of what affects their own dignity and advantage; and it may be safely left to their own sovereign option to determine whether they shall take part, or not, in any judicial controversy; not for the purpose of submitting themselves to the coercive power of the court, but, as I have said, for the purpose of enabling it to arrive at a correct and satisfactory determination. If then, the mere joinder of a state in a civil action, is no derogation from its dignity, or infringement of its sovereignty, the action is not on that account, necessarily and inevitably untenable; and a demurrer to the complaint on that ground cannot be maintained. The objection upon which it is founded is, at least, premature.

The appearance indeed of the state cannot be enforced, any more than a judgment against it; and if it should not voluntarily appear, the court may or may not be able to adjust or determine the ultimate rights of the other parties. If it should find itself incapable of doing this, in consequence of not having the state before it, or in consequence of not being able to adjudicate against the other defendants, without being able to adjudicate also against the state, it will, as a matter of necessity, dismiss

the action. But, evidently, it cannot be ascertained until the hearing, whether the state shall exercise its option to appear, or whether the final adjudication can be properly made without its appearance; and consequently, if my position that the state may or may not appear at its option, is correct, the objection presented by the Accessory Transit Company, cannot be entertained in this form, or at this stage of the action.

If it should be said, that these defendants may by this means be kept in litigation for an indefinite period, the answer is, that the Code (§ 274,) provides a remedy. According to that section, " the court may dismiss the complaint, with costs in favor of one or more defendants, in case of unreasonable neglect on the part of the plaintiff to serve the summons on other defendants, &c. ;" or any defendant after issue is joined against him, may notice the cause for trial, and in this way compel a termination of the controversy.

The demurrer must be overruled with costs, with liberty to answer on payment of the costs, within twenty days.