HAHN H. HASSARD, Plaintiff, *v.* THE UNITED STATES OF MEXICO
et al., Defendants.

(Supreme Court, New York Special Term, November, 1899.)

1. Jurisdiction — Intervention of United States district attorney to
call the court's attention to its lack of jurisdiction over a foreign
nation — Attachment.

   The courts of the State of New York have no jurisdiction over an
independent sovereign nation which has treaty relations with the
United States.

   Where an action is brought in such a court against such a nation
and an attachment is granted therein, the United States District At-
torney for the proper district, may, on instructions from the Attorney-
General of the United States and also as *amicus curiae*, properly
intervene in the State court and call its attention to its entire lack
of jurisdiction.

2. Same — Intervention not governed by Code Civ. Pro., § 682.

   Section 682 of the Code of Civil Procedure has no bearing upon such
an intervention, as the proceeding is not one to vacate an attach-
ment, but is rather a revocation of a writ which was inadvertently
granted, which was void *ab initio*, and which should not appear on
the records of the court.

MOTION to vacate attachment.

Henry L. Burnett, United States District Attorney, for motion.

Franklin Bien, opposed.

BOOKSTAVER, J.   This motion is made by the United States At-
torney for the Southern District of New York, under instructions
from the Attorney-General of the United States, to vacate an
attachment obtained by the plaintiff against the defendants and to
dismiss the complaint upon the ground that this court has no juris-
diction of the subject-matter.   The action is against the Republic
of Mexico and States of Tamaulipas and San Luis Potosi, the latter
two being subordinate divisions of the former.   The amount claimed
is $3,075,000, with interest at seven per cent from September 1,
1865, which is alleged to be the sum due upon 3,075 bonds of the

amount of $1,000 each, issued by the defendants on or about July 4, 1865. The United States District Attorney disclaims appearing by any authority from the defendants, but only on instructions from the Attorney-General, and as *amicus curiae*, to call the attention of the court to its want of jurisdiction in the premises.

That the court is without jurisdiction seems to be a proposition beyond serious dispute. The principal defendant is an independent sovereign nation, having treaty relations with this country, and the other defendants are subordinate divisions thereof. It is an axiom of international law, of long-established and general recognition, that a sovereign State cannot be sued in its own courts, or in any other, without its consent and permission. For applications of this doctrine see Schooner Exchange v. McFaddon, 7 Cranch, 116; Manning v. State of Nicaragua, 14 How. Pr. 517; Beers v. State of Arkansas, 20 How. (U. S.) 527.

This principle extends so far that a sovereign State, by coming into court as a suitor, does not thereby abandon its sovereignty and subject itself to an affirmative judgment upon a counterclaim. People v. Dennison, 84 N. Y. 272; United States v. Eckford, 6 Wall. 490.

So far as this doctrine is applied to foreign powers, it is obviously based upon sound considerations of international comity and peace, and it is significant that this country is so solicitous on this point that it has, by its Constitution, article 3, section 2, subdivision 2, conferred upon its highest judicial tribunal original jurisdiction in all cases affecting ambassadors or other public ministers and consuls, and by section 687 of the United States Revised Statutes, that jurisdiction is made exclusive and is extended even to domestics or domestic servants of such foreign representatives.

That State courts scrupulously recognize their own lack of jurisdiction is illustrated in Valarino v. Thompson, 7 N. Y. 576, where it was held that the exemption was a privilege, not of the representative, but of his sovereign, and that he could not waive it. It was also there stated that the court will put a stop to the proceedings at any stage on its being shown that they have no jurisdiction. So far as jurisdiction is concerned, there is no difference between suits against a sovereign directly and suits against its property. Stanley v. Schwalby, 147 U. S. 508; United States v. Lee, 106 id. 196.

The plaintiff's attorney strenuously combats the right of the

district attorney to intervene, and points out that section 682 of the Code provides expressly the only methods by which a motion to vacate an attachment can be made, and that the district attorney has no standing under these provisions. The fault of this argument lies in the fact that section 682 makes no provision for vacating an attachment of this kind, because the legislators never contemplated the issuance of such an attachment. Properly speaking, this is not a proceeding to vacate a thing that ever had validity, but rather to revoke what was the result of an inadvertence in an *ex parte* proceeding and a nullity *ab initio* and to set the court right on its own records and in the eyes of the world. The motion should be granted.

Motion granted.