Witmer, J.
 

 The principal issue presented on this appeal is whether petitioner, a probationary elementary school teacher whose position was abolished by respondent board of education, is entitled to continued employment by the board and to back salary and incidental benefits.
 

 The essential facts are not in dispute. In January, 1971 petitioner was employed by respondent board as a substitute kindergarten teacher to the end of that school year. In June, 1971 the board gave her a permanent probationary appointment as an elementary teacher, effective September 1, 1971, and she entered upon' such employment, teaching in the first grade. Because of a reduction in enrollment and for reasons of economy, in the spring of 1972 respondent considered abolishing petitioner’s position. This information came to petitioner’s attention, and before the board acted in this regard she wrote to the assistant superintendent of schools for the district, who was in charge of personnel, and advised'him that in the event her position was abolished she would like to remain in the school system as a teacher, and she requested assignment to another position which might be open in the district. Thereafter, on April 19, 1972 respondent board voted to abolish several teaching positions in its schools, including that of petitioner. On April 20 respondent’s superintendent sent a notice to all the teachers in the school district which contained the statement that if a teacher had not been notified that he would not be reappointed nor told that his position was eliminated, he could assume that he was being recommended for reappointment. Petitioner alleges that she had not then been told that the board had voted to abolish her position; but respondent asserts that she had been told thereof. At any rate, respondent does not claim that petitioner had been given written notice as provided in the statute when a teacher’s
 
 employment
 
 is terminated. On June 13, 1972 respondent’s superintendent of schools delivered to petitioner a letter dated that day advising her that her
 
 position
 
 had been abolished by the board, effective June 30, 1972.
 

 
 *277
 
 Respondent’s assistant superintendent had previously caused to be posted on the bulletin boards of its schools a notice of the teaching position vacancies that existed for the ensuing year. On receiving the notice on June 13 petitioner asked the superintendent for transfer to one of such positions, and he indicated to her- that he could see no problem about her obtaining one of them. Petitioner then conferred with the assistant superintendent regarding such employment and was told that the district was screening candidates and that she was being considered. Thereafter, a number of new applicants were employed by respondent as elementary school teachers in the district, effective September 1,1972.
 

 In April, 1972 the principal of one of respondent’s schools had rated petitioner as “good” in most respects, and rated her “ very good ” in communication and “ satisfactory ” in appearance ; and in early May, 1972 a principal of another one of the schools had rated petitioner generally as “satisfactory” but as borderline in appearance.
 

 Petitioner was not offered a position. She appeared at respondent’s administrative offices on the first day of school in September, 1972 and requested her assignment, but the assistant superintendent informed her that there was none for her. Respondent admits that had petitioner’s position not been abolished, she would have continued in employment, since her teaching ability was not questioned.
 

 Petitioner then instituted this article 78 proceeding, seeking adjudication that respondent’s actions were contrary to law and requesting an order that respondent assign her to a teaching position in one of its elementary schools and pay her the salary and benefits which she would have received except for respondent’s failure to so assign her.
 

 Special Term dismissed the petition upon the grounds first, that the issue was one which should be resolved by the State Commissioner of Education and second, that petitioner had not obtained tenure and had demonstrated no violation of law or arbitrary action by respondent board in abolishing her position.
 

 The Appellate Division reversed (43 A D 2d 755) the judgment of Special Term and ordered that the judgment grant the petition and direct respondent to appoint petitioner
 
 nunc pro tunc
 
 as
 
 *278
 
 of September 5, 1972 to the position of elementary teacher in one of its schools. The court held that in litigation between private parties involving only questions of law, where the issue is whether school officials have acted in violation of statute, direct resort to the courts is proper, citing
 
 Cottrell
 
 v.
 
 Board of Educ.
 
 (181 Misc. 645, 650, affd. 267 App. Div. 817, affd. 293 N. Y. 792), and that the merits of the controversy presented lie with petitioner. We agree.
 

 The law is clear that a board of education, acting in good faith and with reasonable judgment, may abolish a teaching position, not only, if held by a probationary teacher but even if held by a tenured teacher
 
 (Matter of Young
 
 v.
 
 Board of Educ.,
 
 35 N Y 2d 31). Likewise, acting in accordance with the express provisions of the applicable statutes (see Education Law, § 2509, subd. 1; § 2573) subd. 1; § 3012, subd. 1; § 3019-a), a board of education may terminate the services of a probationary teacher without a hearing and without giving a reason therefor
 
 (Matter of Butler
 
 v.
 
 Allen,
 
 29 A D 2d
 
 799; Matter of Pinto
 
 v.
 
 Wynstra,
 
 22 A D 2d
 
 914;
 
 cf.
 
 Matter of Mannix
 
 v.
 
 Board of Educ.,
 
 21 N Y 2d 455), subject, however, to the provisions of the so-called Taylor Law . (Civil Service Law, art. 14;
 
 Matter of Board of Educ.
 
 v.
 
 Helsby,
 
 37 A D 2d 493, affd. 32 N Y 2d 660;
 
 Matter of Board of Educ.
 
 v.
 
 Division of Human Rights,
 
 42 A D 2d 473), the provisions of the Human Rights Act (Executive Law, art. 15;
 
 Matter of Board of Higher Educ.
 
 v.
 
 Carter,
 
 14 N Y 2d 138;
 
 Matter of Board of Educ.
 
 v.
 
 Division of Human Rights,
 
 42 A D 2d 473,
 
 supra),
 
 and subject to arbitration agreements, if any
 
 (Matter of Legislative Conference
 
 v.
 
 Board of Higher Educ.,
 
 38 A D 2d 478, affd. 31 N Y 2d 926;
 
 Matter of Board of Educ.
 
 v.
 
 Chautauqua Cent. School Teachers Assn.,
 
 41 A D 2d 47, 51-53; cf.
 
 Matter of Central School Dist.
 
 v.
 
 Three Vil. Teachers Assn.,
 
 39 A D 2d 466).
 

 The position which petitioner held in respondent school, therefore, was effectively abolished. Respondent board did not, however, take any action to terminate petitioner’s employment. The board’s contention that abolishing petitioner’s position was intended also as termination of her employment and was tantamount thereto has little efficacy.
 

 The applicable .statute relating to petitioner’s employment is subdivision 1 of section 2509 of the Education Law, which pro
 
 *279
 
 vides in part,
 
 ‘1
 
 [t] lie service of a person appointed to any of such positions may be discontinued at any time during such probationary period, on the recommendation‘ of the superintendent of schools, by a majority vote of the board of education.” The commissioner of education has construed this statute as requiring strict compliance with its provisions in order for the board to terminate the employment of a probationary teacher
 
 (Matter of Tedesco, 4
 
 Ed. Dept. Rep.
 
 3; Matter of Gumpert,
 
 9 Ed. Dept. Rep. 126, 10 Ed. Dept. Rep. 77), and such a ruling has been upheld as not arbitrary or contrary to law
 
 (Matter of Board of Educ.
 
 v.
 
 Allen,
 
 30 A D 2d 742). There is no evidence in this record that the superintendent of schools ever recommended to respondent board that petitioner be dismissed nor any record that a majority of the board voted to terminate her services.
 

 In a school district having several schools and many similar positions it cannot be inferred that the abolishment of one position presumes intent to terminate the services of the incumbent teacher. By. abolishing her position respondent merely made petitioner an excess teacher available for another similar position in the district. Respondent waited nearly two months after abolishing petitioner’s position before advising her thereof in writing, and in that notice (June 13, 1972) made no mention of terminating her employment, but advised her that she would
 
 11
 
 receive full consideration when candidates are being screened for openings within the school district ”. Such action and notice did not tend to alert petitioner that the board was dissatisfied with her services, that her seniority rights would not be recognized or that she was dismissed. It is clear that sections 2509 and 2510 of the Education Law are to be read together and that the board must take special action to discontinue the services of a teacher whose position has been abolished. Petitioner continued, therefore, as an employee of the district
 
 *
 
 .
 

 
 *280
 
 Respondent contends that in any event petitioner, as a probationary teacher, did not have seniority rights in the school system and hence was not required to be transferred to another elementary teaching position available therein. Respondent relies upon rulings of the commissioner of education in
 
 Matter of Potter
 
 (50 St. Dept. Rep. 353) and
 
 Matter of Milman
 
 (9 Ed. Dept. Rep. 51). It appears that in both
 
 Potter
 
 and
 
 Milman
 
 the teacher had actually been dismissed, and since the board had the right to dismiss her, those cases have no relevancy. Moreover,
 
 Potter
 
 was decided prior to the enactment of the predecessor statute to section 2510 (see
 
 Matter of Ducey,
 
 65 N. Y. St. Dept. Rep. 65).
 
 Milman
 
 is of interest to us only because of the dictum therein that, “ [t]he concept of seniority is relevant only within the context of a tenure situation ”, Subsequently, as shown
 
 infra,
 
 the commissioner has consistently made rulings contrary to that dictum in cases wherein the teacher’s position was abolished but her employment was not terminated.
 

 Petitioner urges that even though she is a probationary teacher she has seniority rights under section 2510 of the Education Law. Subdivision 1 of that section is not applicable herein, because respondent board did not create a new position similar to the one abolished. Subdivisions 2 and 3 of that section read as follows:
 

 “ 2. Whenever a board of education abolishes a position under this chapter, the services of the teacher having the least .seniority in the system within the tenure of the position abolished shall be discontinued.
 

 “3. If an office or position is abolished or if it is consolidated with another position without creating a new position, the person filling such position at the time of its abolishment or consolidation shall be placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur in an office or position similar to the one which such person filled without reduction in salary or increment, provided the record of such person has been one of faithful, competent service in the office or position he has filled. The persons on such preferred list shall be reinstated or appointed to such vacancies in such corresponding or similar positions in the order of their length of service in the system at any time within four
 
 *281
 
 years from the date of abolition or consolidation of snch office or position.” The phrase, ‘‘ within the tenure of the position abolished ’ ’, in subdivision 2 was construed by the commissioner of education in
 
 Matter of Ducey
 
 (65 N. Y. St. Dept. Rep. 65, 66, supra) in the following manner: “ ‘ Within the tenure of the position abolished ’ has a specific and technical meaning as used in this statute. * * *. As was said in the
 
 Matter of King,
 
 49 State Dept. Rep. 388, teachers secure tenure in the particular classification to which they are appointed, for instance, as an elementary teacher, high school teacher, assistant to principal, principal, etc. * * * The foregoing phrase had no reference to the date upon which the particular teacher secured tenure. The Legislature was merely attempting to classify the field of the position abolished, having in mind the various classifications of the tenure field which had been recognized throughout the state since the enactment of the tenure law.” Since the
 
 Ducey
 
 case, whenever a case has reached the commissioner of education involving a teacher whose position was abolished but whose employment was not terminated as required by the statute, the commissioner has consistently ruled that section 2510 of the Education Law applies to probationary teachers as well as to tenured teachers
 
 (Matter of Community School Bd.,
 
 11 Ed. Dept. Rep. 154;
 
 Matter of Branche,
 
 11 Ed. Dept. Rep. 311;
 
 Matter of Sura,
 
 12 Ed. Dept. Rep. 301:
 
 Matter of McPhillips,
 
 13 Ed. Dept. Rep. 95).
 

 It is a cardinal principle of construction that, “ [i]n case of doubt, or ambiguity, in the law it is a well-known rule that the practical construction that has been given to a law by those charged with the duty of enforcing it, as well as those for whose benefit it was passed, takes on almost the force of judicial interpretation '[cases cited] ”.
 
 (Town of Amherst
 
 v.
 
 County of Erie,
 
 236 App. Div. 58, 61, affd. 260 N. Y. 361, 369-370.) In
 
 Matter of Howard
 
 v.
 
 Wyman
 
 (28 N Y 2d 434, 438) former Chief Judge Field wrote for the court, “ [i]t is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld ”.
 

 We conclude that the construction accorded to section 2510 of the Education Law by the commissioners of education as above
 
 *282
 
 set forth is reasonable and that it should be controlling here. This construction presents no cause for alarm on the part of boards of education. In no way does it diminish their unfetterecf right and duty to review the competency of their probationary teachers and, if found unsatisfactory, to terminate in accordance with statutory provisions their employment before they achieve tenure. The significance of our holding is that we make it clear that the policy of the State, as expressed in the statute, is to accord limited .seniority rights to probationary teachers. Subject to termination of their employment by action specified in the statutes, they have seniority rights over other probationary teachers and substitute teachers whose service is less than theirs, and, of course, over newly appointed teachers. Petitioner, therefore, as a probationary teacher, had seniority rights over the teachers newly employed by respondent after June, 1972. Accordingly, it was proper for the Appellate Division to order that petitioner be reinstated
 
 nunc pro tunc
 
 as of September 5, 1972.
 

 It is argued in the
 
 amicus curiae
 
 brief that there is a nonjoinder of parties, that is, that the newly employed teachers who received one. of the positions to which petitioner claimed she was entitled must be made parties hereto in order for the court to have jurisdiction to make a complete determination in this case (see
 
 Skliar
 
 v.
 
 Board, of Educ.,
 
 45 A D 2d 1012;
 
 Matter of Dreyfuss
 
 v.
 
 Board of Educ.,
 
 42 A D 2d 845). Although an
 
 amicus
 
 has no status to present new issues in a case (see
 
 Kemp
 
 v.
 
 Rubin,
 
 187 Misc. 707 [Froessel, J.]; 3 N Y Jur, Amicus Curiae, § 3; 3A C.J.S., Amicus Curiae, § 6), it may, in connection with assisting the court in respect of the law of the case, point out, where appropriate, that the court lacks jurisdiction
 
 (Hassard
 
 v.
 
 United States of Mexico,
 
 29 Misc. 511, affd. 46 App. Div. 623, affd. 173
 
 N.
 
 Y. 645;
 
 3 N Y
 
 Jur, Amicus Curiae, § 4). Moreover, the court may at any stage of a case and on its own motion determine whether there is a nonjoinder of necessary parties
 
 (First Nat. Bank
 
 v.
 
 Shuler,
 
 153 N. Y. 163, 170;
 
 Matter of Fellner
 
 v.
 
 McMurray, 41
 
 A D 2d 853). The cases relied upon by
 
 amicus,
 
 however, in support of its argument of nonjoinder herein are' distinguishable on their facts from the case at bar. Therein, questions of fact were presented as to the relative seniority status of the respective teacher who was hired in lieu of the petitioner. Here,
 
 *283
 
 the status of the teachers newly employed by respondent in September, 1972 is postulated. In these circumstances we do not find occasion to reach the nonjoinder question (see
 
 Matter of Castaways Motel
 
 v.
 
 Schuyler,
 
 24 N Y 2d 120, 125).
 

 The order of the Appellate Division should be modified, however, to provide that against petitioner’s back salary respondent is entitled to credit earnings which petitioner may have had from other employment during the period in question, exclusive of summer work (see
 
 Matter of McPhillips,
 
 13 Ed. Dept. Rep. 95,
 
 supra; Matter of Gumpert,
 
 10 Ed. Dept. Rep. 77, 78-79,
 
 supra).
 
 As so modified, the order of the Appellate Division should be affirmed.
 

 Chief Judge Bbeitel and Judges Gabbielli, Jones, Waohtleb, Rabin and Stevens concur with Judge Witmeb.
 
 *
 

 Order modified, with costs to petitioner-respondent, in accord-dance with the opinion herein and, as so modified, affirmed.
 

 *
 

 It is noted also that section 3019-a of the Education Law required that the board give petitioner 30 days’ notice of termination of hér employment, which was not done (see
 
 Matter of Slater,
 
 12 Ed. Dept. Rep. 275;
 
 Matter of Gumpert, supra; Matter of Currier,
 
 10 Ed. Dept. Rep. 51). Section 3031 of the Education Law requiring 30 days’ notice to a teacher before the meeting of a board of education which plans to terminate the teachers’ services, became effective on July 1, 1972 after the pertinent dates in this case, and so was not applicable herein. And see
 
 Matter of Slater (supra).
 

 *
 

 Designated pursuant to section 2 of article VI of the State Constitution.