■ In the Matter of ETHEL HILF, Respondent, v JAMES D. EVERGETIS, as
Superintendent of Ellenville Central School, et al., Appellants.—Appeal
from a judgment of the Supreme Court at Special Term, entered May 16,
1975 in Ulster County, which granted petitioner's application, in a proceed-

ing pursuant to CPLR article 78, to direct respondents to rehire her with back pay and benefits. Petitioner had been employed as a guidance counselor in the appellant school district since September 1, 1973. In a letter dated May 8, 1974 she resigned her position effective June 30, 1974, the end of the contract year, but asked to be considered for any vacancies that might arise in her fields of English or Social Studies. Her resignation was accepted at a regular meeting of the board of education on May 21, 1974. On June 12, 1974 an English teacher was granted a year's leave of absence, and on the following day petitioner formally applied for the vacancy in a letter pointing out certain provisions of a collective bargaining agreement between the teachers' association and the school district, one of which provided in part: "3. It is understood that requests for transfer by existing staff with suitable qualifications will receive preferential treatment." Receipt of this application was acknowledged by letter dated June 18, 1974. On July 28, 1974 an additional vacancy was created in the English department by the resignation of another teacher. A number of individuals, including petitioner, were considered for these vacancies and on August 22, 1974, she received written notification that other candidates were recommended to fill them. These appointments were made on August 27, 1974 and petitioner's later attempt to institute a grievance procedure pursuant to the collective bargaining agreement was rejected by the appellant by letter dated September 30, 1974 upon the ground that since she had resigned, no grievance existed. This proceeding was then commenced on December 21, 1974. It is petitioner's contention that since she was a member of the staff of the appellant school district until June 30, 1974, she was entitled to preferential treatment in the filling of any vacancy, for which she was suitably qualified, that occurred during the period of her employment. Appellant, on the other hand, does not maintain that she was accorded preferential treatment when the vacancies were filled, but argues that after June 30, 1974 she was not entitled to such treatment because she was no longer "existing staff." The issue presented, therefore, is whether "existing staff" is determined at the time one applies for an available vacancy, or at the time such a vacancy is filled. Special Term found in favor of petitioner, but we disagree. The power to appoint teachers and to determine the need to fill vacancies is vested in a board of education (Education Law, §§ 2503, 2510). In the case at hand, the decision to fill such vacancies was not made until August 27, 1974, long after petitioner's resignation became effective. Indeed, it was within appellant's complete discretion to determine when, or if, the vacancies should be filled, and there is no allegation the school district arbitrarily withheld a decision thereon to circumvent petitioner's rights. To hold that one is a member of the "existing staff" until any pre-existing vacancy is ultimately filled would unduly frustrate the ability of the school district to act and would not be in keeping with the purpose of the contract which is plainly designed to assist the transfer mobility of continuing staff members. Petitioner was considered along with other applicants on an equal basis, and that is all she was entitled to. Her reliance upon *Matter of Lezette v Board of Educ.* (35 NY2d 272) for the proposition that her position as a probationary teacher gave her seniority rights over newly appointed teachers is misplaced. *Lezette* is clearly distinguishable on its facts and is inapposite. Petitioner's resignation, duly accepted, became effective June 30, 1974. Her employment terminated on that date in accordance with her own request and the right she seeks to enforce in this proceeding did not survive the term of her employment. Accordingly, the judgment of Special Term should

be reversed and the petition should be dismissed. Judgment reversed, on the law and the facts, and petition dismissed, without costs. Koreman, P. J., Kane, Main, Herlihy and Reynolds, JJ., concur.