■ STEPHEN F. SARACINO, Respondent-Appellant, v ROMULUS CENTRAL

SCHOOL DISTRICT BOARD OF EDUCATION, Appellant-Respondent.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Plaintiff, a probationary teacher employed by defendant School Board (Board), filed a grievance with the Board for alleged failure to comply with the collective bargaining agreement with respect to evaluating his work, and the matter went to arbitration. The arbitrator ruled that the Board violated the contract in this respect and awarded that plaintiff, "should, therefore, be employed for a probationary period of one additional year, during which time a fair and systematic evaluation of his performance and qualifications as a permanent member of the teaching staff should be made in accordance with the Agreement". The award was made on August 3, 1973. The Board refused to accept the award and refused to continue plaintiff as a teacher, but it did not move to vacate or modify the award (see CPLR 7511). Plaintiff then embarked upon a two-year course of study to obtain his Masters degree. In January, 1974 a proceeding was begun to confirm the award and on June 1, 1974 a judgment confirming it was entered. Although defendant appealed therefrom, it discontinued the appeal and offered plaintiff employment for the year 1974–1975. Since plaintiff was about to enter upon the second and final year of his study for his Masters degree, he accepted the offer on condition that defendant grant him one year leave of absence and employ him in the year 1975–1976. Defendant refused to do this. Plaintiff thereupon filed claim for back pay for the year 1973–1974. Defendant interposed an answer with affirmative defenses and moved for dismissal of the complaint. Plaintiff cross-moved for summary judgment. Special Term treated each motion as one for summary judgment and, finding a question of fact, denied both motions. Both parties appeal. Special Term held, and we agree, that this action is not precluded by the arbitration and award, for the arbitrator did not reach the question of compensation. Although, if requested to do so, the arbitrator could have ruled thereon, at this date it is too late to send that issue back for arbitration, and the parties do not ask for it. Special Term concluded that whether the arbitrator meant that the Board should employ plaintiff during the year 1973–1974 or might select a later year, as it did, to wit, 1974–1975, is a question of fact for trial. We do not agree. Undoubtedly, neither the parties nor the arbitrator considered that question, and what the arbitrator would have determined had it been presented to him is pure speculation. However, a fair interpretation of the award is that the Board was directed to continue to employ plaintiff, that is, for the year 1973–1974. The Board adamantly refused to do so, and it cannot now avoid the consequences by offering plaintiff employment for a subsequent year. Indeed, in view of the situation which the Board precipitated, it was unreasonable in refusing his request for deferred employment in the year 1975–1976. The order should therefore be modified by deleting the last ordering paragraph and granting plaintiff's motion to strike defendant's answer and for summary judgment to plaintiff for such damages as he incurred in the school year 1973–1974 by reason of the Board's refusal to abide by the award, and in other respects the order should be affirmed. The issue of such damages is remitted to Supreme Court, Seneca County, for proof, including consideration of earnings, if any, which plaintiff received in other employment during that year (see *Matter of Lezette v Board of Educ.,* 35 NY2d 272, 283). (Appeal from order of Seneca Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.