■ In the Matter of JUNE R. GERMAN, Respondent, v RICHARD J. BARTLETT, as Administrative Judge of the State of New york, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered October 27, 1978 in New York County, which granted petitioner's application in a proceeding pursuant to CPLR article 78, to reinstate her to her position as supervising attorney for the Mental Health Information Service, First Judicial Department. This appeal was transferred to this court by order of the Appellate Division, First Department. On January 30, 1978, petitioner was terminated from her position as supervising attorney for the Mental Health Information Service, First Judicial Department (MHIS). After a denial by the Presiding Justice of that department for a review of the termination decision by the director of MHIS, this CPLR article 78 proceeding was brought seeking reinstatement with back pay. Special Term, in finding for petitioner, concluded that she was entitled to accrued sick leave plus 12 months of unpaid leave, resulting in entitlement to back pay from May 24, 1978. This appeal ensued. There is no substantial disagreement as to the pertinent facts. Petitioner was initially appointed provisionally to the position of attorney and later promoted to supervising attorney. On January 28, 1977, she gave birth to a child and from that date to May 23, 1977, she was on paid accrued sick leave. Thereafter, she was on paid accrued annual leave until August 3, 1977. She was then granted unpaid maternity leave to January 30, 1978. Prior thereto and on January 4, 1978 she requested an extension of her maternity leave until July, 1978, which was denied. Since she failed to return to work on the day fixed by the director, she was terminated. In urging reversal, appellant contends that a provisional employee is not entitled to the benefits of 22 NYCRR 24.8 and, in the alternative, that a maximum of 12 months is allowed in any event. Furthermore, appellant argues that the determination to terminate petitioner's employment was not arbitrary or capricious. Section 24.8 of the rules of the Administrative Board of the Judicial Conference states, in pertinent part, as follows: "Leave without pay may be granted by the administrative judge for: (a) Maternity leave, not to exceed 18 months. It shall be mandatory to grant the first 12 months leave" (22 NYCRR 24.8). Passing directly to the alternative contention we are of the view that pursuant to 22 NYCRR 24.8, without a discretionary extension of six months, petitioner was entitled to a maximum maternity leave of 12 months. Accrued sick leave would be included within this 12-month period. This is the same interpretation arrived at by appellant and, since it is not unreasonable, we should not

disturb it *(Matter of Lezette v Board of Educ.,* 35 NY2d 272). We also reject petitioner's contention that appellant's denial of an additional five-month maternity leave was arbitrary and capricious. The record reveals that petitioner holds an important position with MHIS. She is responsible for the supervision of eight professionals and two secretaries and for the operation of two field offices. This being so it was not unreasonable for appellant to conclude that 12 months was long enough for petitioner to be away from this significant position. Consequently, the termination was not arbitrary. Considering the record in its entirety, we are of the view that there must be a reversal. We have considered the other issues raised by petitioner and find them unpersuasive. Judgment reversed, on the law, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur. [97 Misc 2d 837.]