OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioner seeks a judgment reversing a decision of the Commissioner of Education on May 12, 1980 which held that petitioner had not acquired tenure as a teacher of secondary science in the Bellmore-Merrick Central School District.
Petitioner commenced employment as a probationary chemistry teacher in the Bellmore-Merrick Central School District on March 3, 1975. On April 4, 1975, he was notified that due to the anticipated abolition of 25 teaching positions a recommendation would be made on the basis of seniority to terminate his employment on June 30, 1975. On May 16, 1975, however, that notice was rescinded and petitioner was informed that he would be retained as a probationary teacher for the 1975-1976 school year. He completed that year and thus served one *658 and one-half years as a probationary teacher. In March of 1976, petitioner was again notified that his services were to be terminated effective June 30, 1976 due to a reduction in teaching positions. On June 11, 1976, petitioner was appointed to a position as a regular substitute teacher of chemistry for the 1976-1977 school year replacing a teacher then on sick leave.- Petitioner taught the entire 1976-1977 academic year as said regular substitute.
Petitioner was again appointed as a regular substitute for the 1977-1978 school year and served in that capacity for five months. On January 4, 1978, his appointment was changed by the board of education to that of a probationary teacher effective February 1, 1978. At the conclusion of the 1977-1978 school year, petitioner was notified that his position had been eliminated, and on June 28, 1978 he was appointed as a regular substitute for the 1978-1979 school year. However, on July 13, 1978, petitioner was advised that the board of education had approved a change in petitioner’s status to a probationary position. Petitioner served in this position during the 1978-1979 school year, during which respondent school district notified him that his services would be terminated effective June 30, 1979.
On July 18, 1979, petitioner appealed to the Commissioner of Education from the school district’s decision to terminate his services, contending that he was entitled to credit under the “Jarema Act” (Education Law, § 2509) for approximately one and one-half years’ regular substitute service rendered prior to his February reappointment to probationary status, and that he therefore attained tenure by estoppel or acquiescence. As a result he acquired tenure prior to his termination and therefore could be removed only for cause after a hearing pursuant to section 3020 of the Education Law. The Commissioner of Education disagreed in his decision of May 12, 1980. This article 78 proceeding was then instituted.
In a strikingly similar case, Matter of Negri (19 Ed Dept Rep 36, Decision No. 10,015, July 6, 1979, affd sub nom. Matter of Negri v Ambach, Supreme Ct, Albany County, Feb. 11, 1980, Hughes, J.), the commissioner had the *659 opportunity to construe the provisions of section 2509 of the Education Law. The commissioner’s construction of section 2509 of the Education Law, allowing credit for substitute service only where such service has been rendered prior to the commencement of a probationary period, was upheld by the Supreme Court as a rational exercise of the discretion of the commissioner. In the present case, it is this court’s opinion that the rationale of that decision should be followed here and the construction given to the administration of the Education Law shall not be disturbed by the courts unless irrational or unreasonable (Matter of Lezette v Board of Educ., 35 NY2d 272, 281). The construction herein by the Commissioner of Education is neither irrational nor unreasonable and, in fact, has a reasonable basis and should not be set aside.
The petition is therefore denied, without costs.