■ INDEPENDENT ASSOCIATION OF PLASTIC AND FIBRE WORKERS, LOCAL NO. 1, Respondent, v SPAULDING FIBRE COMPANY, INC., a Subsidiary of MONOGRAM INDUSTRIES, INC., Appellant. — Order unanimously affirmed, with costs. Memorandum: In this action for reformation of a contract Special Term correctly dismissed defendant's affirmative defenses of final resolution of the issues and *res judicata* by virtue of an arbitration award. The arbitrator himself, in his written decision, removed any doubt as to whether he addressed the issue by explicitly stating "[A]rbitration is not the forum for reform of the contract. That is a judicial function not to be usurped by arbitration." An action cannot be precluded by arbitration and award if the arbitrator did not reach the question which is the subject matter of the action. This is so even though, if requested to do so, the arbitrator could have ruled on the question (*Saracino v Romulus Cent. School Dist. Bd. of Educ.*, 56 AD2d 710). Here, the parties, being unable to agree on what issue the arbitrator should consider and resolve, consented that the arbitrator should frame the issue to be decided. The issue so framed dealt solely with an interpretation of the language of the contract and the decision specifically did not address the questions of mutuality or formation. "It is settled law that the doctrine of *res judicata* is applicable to issues resolved by earlier arbitration * * * Where, however, an issue not passed upon by the arbitrators is the subject of a later action, obviously the award is not a bar to that action" (*Rembrandt Inds. v Hodges Int.*, 38 NY2d 502, 504). The result reached in *Abrams v Macy Park Constr. Co.* (282 App Div 922, 923), relied on by defendant is consistent with what we have said herein. There, in reversing an order enjoining defendant from entering an order confirming an arbitration award the court said: "The award is consequently binding in an action for reformation of the contract *as to the matters embraced in it*. If the award relates to the same matters sought to be covered in this action it is a binding determination. If the award relates to different matters then it is irrelevant to the relief sought in this action" (emphasis added). (Appeal from order of Supreme Court, Erie County, Wolf, J. — affirmative defenses.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.