■ In the Matter of JACK HAWLEY, Appellant, v SOUTH ORANGETOWN CENTRAL SCHOOL DISTRICT, Respondent. — In a proceeding pursuant to CPLR article 78, the appeal is from so much of a judgment of the Supreme Court, Rockland County (Meehan, J.), dated January 10, 1983, as found that petitioner was obliged to mitigate damages, permitted respondent to offset money earned by petitioner from employment after school hours against back salary owed to petitioner, referred to arbitration the question of whether petitioner had sufficiently acted to mitigate his damages, and held that respondent had a continuing right to offset from petitioner's salary any earnings from outside employment. Judgment reversed insofar as appealed from, on the law, with costs, and matter remitted to Special Term for an examination of petitioner's supplemental employment history, a determination of what portion, if any, of petitioner's earnings during the period of suspension may be treated as substitute earnings, and for further proceedings consistent herewith. Pursuant to *Matter of Jerry v Board of Educ.* (35 NY2d 534), respondent deducted from petitioner's salary wages petitioner had earned from other employers during the period of his suspension from his position as a teacher. We disagree with Special Term, however, that all of said wages must be deducted. It is uncontested that prior to his suspension, petitioner had a long history of maintaining other employment in addition to his teaching position. Clearly, then, the nonteaching positions held by petitioner during nonschool hours while he was suspended cannot be said to have been undertaken wholly as *substitute* positions. Rather, those jobs were, at least partially, intended to be supplemental in nature. The distinction we make between supplemental and substitute employment was implicitly recognized by the Court of Appeals in *Matter of Lezette v Board of Educ.* (35 NY2d 272), when it determined that wages received from summer employment positions are not to be deducted from a teacher's back salary during a suspension period. Moreover, the Commissioner of Education has also observed the distinction between earnings produced by supplemental as opposed to substitute employment (see *Matter of Specht,* 20 Ed Dept Rep 457; *Matter of Middleton,* 16 Ed Dept Rep 368). However, on this record, we cannot say that *all* of petitioner's outside earnings were supplemental. Since 1967, petitioner has allegedly worked as much as 32 hours per week in nonteaching jobs in addition to his regular hours as a teacher. During his suspension period, petitioner has worked from 13 hours per week to, on one occasion, 55 hours per week. It may well be that the increase in average hours worked was directly related to the fact that petitioner was no longer working as a teacher. Accordingly, the matter must be remitted to Special Term so that it may examine petitioner's supplemental employment history and determine, in accordance with the principles stated in this memorandum, what portion, if any, of petitioner's outside earnings during the period of suspension may be treated as substitute earnings. In addition, Special Term erred in holding that petitioner was under a *duty* to mitigate his damages by seeking alternate employment. The Court of Appeals in *Matter of Jerry v Board of Educ.* (*supra*), merely required that outside earnings, if any, should be deducted from a teacher's wrongfully withheld salary during suspension. The court did not hold that the suspended employee was under any duty to seek alternate employment during this period. Furthermore, ordinary contract principles relating to the mitigation of damages do not automatically apply to the situation at bar. The suspended petitioner had a statutory right to his full salary during the period of suspension and was not required to take any action to guarantee his receipt of the full amount of his salary (see, generally, *Sinicropi v Bennett,* 92 AD2d 309, affd 60 NY2d 918). In view of this resolution of the aforesaid issues, it is unnecessary for us to determine on the merits the propriety of Special Term's determination that the factual question of petitioner's duty to mitigate

his damages should be resolved by arbitration. Lazer, J. P., Mangano, Niehoff and Boyers, JJ., concur.