■ In the Matter of the Arbitration between SOUTH ORANGETOWN CENTRAL SCHOOL DISTRICT, Appellant, and JACK HAWLEY et al., Respondents. — In a proceeding pursuant to CPLR article 75 to stay arbitration, petitioner, South Orangetown Central School District (district), appeals from so much of a judgment of

the Supreme Court, Rockland County (Meehan, J.), entered February 25, 1983, as directed it to resume payment of respondent Hawley's salary and referred to arbitration the issue of mitigation of damages.

Judgment modified, on the law, by deleting the provision directing the parties to proceed to arbitration and substituting therefor a provision staying arbitration. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements.

On or about January 27, 1982, Jack Hawley, a tenured junior high school science teacher, was charged with misconduct pursuant to section 3020-a of the Education law. On or about February 1, 1982, Hawley was suspended and told not to report to school during the pendency of the section 3020-a tenure hearing to be held on the charges. That hearing commenced on April 19, 1982. The district paid him his full salary until on or about June 9, 1982 (see *Matter of Jerry v Board of Educ.*, 35 NY2d 534). On June 9, 1982, however, the district demanded pay records pertaining to purported outside employment earnings of Hawley during the suspension period. Upon receiving those pay records, the district, on or about July 13, 1982, deducted from Hawley's salary checks an offset of $2,665 for moneys earned by Hawley during the suspension period.

In or about October, 1982 Hawley instituted a CPLR article 78 proceeding, *inter alia,* to recover the amount of the $2,665 offset.

A further issue then arose when the district suspended the payment of his salary on the theory that he was obligated to mitigate his damages and was not doing so since he no longer maintained any outside employment. Hawley then moved, within the pending article 78 proceeding, for a preliminary injunction.

While the article 78 proceeding was pending, the respondent teachers' association "on behalf of Mr. Jack Hawley", on November 5, 1982, served a written notice of grievance upon the district, and on or about December 10, 1982, served a written demand for arbitration. The demand stated that "[t]he district violated Articles II, V, VI and XIV by beginning to withhold a portion of Jack Hawley's salary and benefits in June, 1982 and since September, 1982 entirely withholding his salary". We note that articles II, V, VI and XIV of the contract are not contained in the record; only articles XVI and XVII are included.

By order to show cause dated December 29, 1982, which contained a temporary stay of the arbitration, the district then instituted the instant proceeding pursuant to CPLR article 75 to

stay the arbitration. The district's papers contended, *inter alia,* that by instituting his article 78 proceeding, Hawley had elected his remedy and that "the issue of mitigation is an important one that merits the consideration of the *court* and not an arbitrator whose decision is subject to limited review by a court of law" (emphasis supplied).

In the article 78 proceeding, Special Term rendered its determination in a judgment entered January 10, 1983. It held, *inter alia,* that the district had the right to offset Hawley's outside earnings and that Hawley was obligated to mitigate his damages. The question of whether Hawley was or was not mitigating his damages was referred to arbitration. Hawley appealed from stated portions of that judgment.

In the proceeding to stay the arbitration, Special Term (Meehan, J.), in the judgment appealed from, entered February 25, 1983, *inter alia,* denied the application citing the judgment entered January 10, 1983 in the article 78 proceeding.

After the district served its notice of appeal from the judgment entered February 25, 1983, Hawley's appeal from the judgment entered January 10, 1983 in the article 78 proceeding was decided by this court on December 12, 1983 (*Matter of Hawley v South Orangetown Cent. School Dist.,* 98 AD2d 749, app dsmd 62 NY2d 802). In our decision, this court held: "It is uncontested that prior to his suspension, petitioner had a long history of maintaining other employment in addition to his teaching position. Clearly, then, the nonteaching positions held by petitioner during nonschool hours while he was suspended cannot be said to have been undertaken wholly as *substitute* positions. Rather, those jobs were, at least partially, intended to be supplemental in nature. The distinction we make between supplemental and substitute employment was implicitly recognized by the Court of Appeals in *Matter of Lezette v Board of Educ.* (35 NY2d 272), when it determined that wages received from summer employment positions are not to be deducted from a teacher's back salary during a suspension period * * * However, on this record, we cannot say that *all* of petitioner's outside earnings were supplemental * * * Accordingly, the matter must be remitted to Special Term so that it may examine petitioner's supplemental employment history and determine, in accordance with the principles stated in this memorandum, what portion, if any, of petitioner's outside earnings during the period of suspension may be treated as substitute earnings".

On the mitigation issue this court held: "In addition, Special Term erred in holding that petitioner was under a *duty* to mitigate his damages by seeking alternate employment. The

Court of Appeals in *Matter of Jerry v Board of Educ. (supra)*, merely required that outside earnings, if any, should be deducted from a teacher's wrongfully withheld salary during suspension. The court did not hold that the suspended employee was under any duty to seek alternate employment during this period. Furthermore, ordinary contract principles relating to the mitigation of damages do not automatically apply to the situation at bar. The suspended petitioner had a statutory right to his full salary during the period of suspension and was not required to take any action to guarantee his receipt of the full amount of his salary (see, generally, *Sinicropi v Bennett,* 92 AD2d 309, affd 60 NY2d 918)". Having concluded that Hawley was not under a duty to mitigate, this court stated with respect to the right of Special Term to refer to arbitration the factual issues with respect to mitigation (pp 749-750): "In view of this resolution of the aforesaid issues, it is unnecessary for us to determine on the merits the propriety of Special Term's determination that the factual question of petitioner's duty to mitigate his damages should be resolved by arbitration".

Thus it can be seen that as a result of Hawley's appeal, the district obtained the procedural relief it had sought on its motion to stay arbitration, viz., to hold Hawley to the judicial forum he had initially chosen and to require that the courts — rather than an arbitrator — adjudicate the issue of mitigation of damages because "the issue of mitigation of damages is an important one that merits the consideration of the court and not an arbitrator whose decision is subject to limited review by a court of law".

On the substantive question of *duty to mitigate,* however, this court found in Hawley's favor on his appeal. Accordingly, as we noted therein, there is no longer a mitigation issue for the arbitrator to decide and there is no need or basis for an arbitration on that issue. On the *offset* issue, this court found in Hawley's favor to the extent of holding that Hawley's supplementary (as distinguished from substitute) earnings may not be offset; the matter was remitted to Special Term for a hearing on which outside earnings were supplemental and which were substitute. Accordingly, we find no need or basis for an arbitration of that issue.

Finally, we note that on the appeal now before us, the respondents argue that there has been no election of remedies which would permit the court to stay the pending arbitration. It is contended that the rights and matters at stake in Hawley's article 78 proceeding and the instant proceeding are different, the article 78 proceeding involving statutory rights of Hawley

and the arbitration demanded involving contractual rights under articles II, V, VI and XIV of the teacher association's collective bargaining agreement. On the facts of this case, however, we find no merit to those arguments (see *East Ramapo Cent. School Dist. v East Ramapo Teacher's Assn.*, 91 AD2d 969, app dsmd 59 NY2d 763); and, in any event, we find that insofar as it appears from this record, there is nothing left to arbitrate.

Accordingly, the judgment under review should be modified by granting the district's application to stay arbitration. Insofar as this judgment adopts the provisions of the judgment in the article 78 proceeding, it is now subject to the order of this court determining Hawley's appeal and directing remittitur to Special Term on the issue of whether or not and to what extent the district may offset Hawley's outside earnings. Rubin, J. P., Boyers, Lawrence and Eiber, JJ., concur.