■ EVGENY BRAGARNIK et al., Appellants, v ZODIAC ON BRIGHTON CAFE, INC., Respondent.—In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Hurowitz, J.), entered November 27, 1990, which denied their motion for summary judgment and directed them to add Polina Moshkowich as a necessary party.

Ordered that the order is affirmed, with costs.

The plaintiffs are the owners of a building in which they operated a restaurant known as Cafe Zodiac, Inc. In 1985 plaintiffs sold their interest in the restaurant to Polina Moshkowich. As part of the sale, Moshkowich executed a series of promissory notes payable to the plaintiffs. At the same time, the plaintiffs and Moshkowich executed a security agreement which provided, *inter alia,* that Moshkowich would "keep the

collateral [the contents of the restaurant] insured against loss by fire". The agreement further provided that, in the event of a fire, Moshkowich would receive the insurance proceeds allocable to "the cost of repairing and replacing the [restaurant's contents]". On February 3, 1986, a fire destroyed the contents of the restaurant. Thereafter, the defendant, the current owner of the restaurant, alleges that Moshkowich replaced, at her own expense, the entire contents of the restaurant. The defendant also alleges, and plaintiffs do not dispute, that Moshkowich never received any of the proceeds of the insurance settlement which were paid to the plaintiffs as a result of the fire. However, Moshkowich never suspended payment of the promissory notes.

In December 1986 Moshkowich sold the restaurant to the defendant. As part of the sale, the defendant specifically agreed to assume the balance of the promissory notes due to the plaintiffs and to further assume all of Moshkowich's rights and obligations under the security agreement. The defendant made all payments under the agreement until September 1988 when it ceased to make any further payments. In February 1989 the plaintiffs commenced the instant action to recover damages for breach of contract and subsequently moved for summary judgment. The Supreme Court denied the motion, finding that the defendant had raised triable issues of fact. We affirm.

On appeal, the plaintiffs contend that having set forth the existence of the promissory notes, the demand for payment, and the defendant's failure to make payments, they demonstrated a prima facie entitlement to summary judgment. However, summary judgment is not warranted where the party opposing the motion produces evidentiary proof in admissible form sufficient to require a trial of material questions of fact (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065).

The documentary evidence demonstrates that Moshkowich would have had the right to claim, as a set-off or as an accord and satisfaction to the amount due under the notes, the amount of insurance proceeds allocable to the loss of contents of the restaurant, which were received and retained by the plaintiffs. When the defendant assumed Moshkowich's obligation to pay off the notes, it also assumed Moshkowich's rights under the security agreement, including the right to assert the defense of set-off or accord and satisfaction with respect to those notes. At the very least, the failure of the plaintiffs to pay over the insurance proceeds raises a triable issue of fact

regarding this defense. Accordingly, in view of the defendant's proof in support of its defense, the plaintiffs have not eliminated any material issues of fact from this case and summary judgment was properly denied *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Zuckerman v City of New York,* 49 NY2d 557; *Friends of Animals v Associated Fur Mfrs., supra).*

Given the facts and circumstances surrounding the defendant's defense, the Supreme Court properly directed that Moshkowich be added as a necessary party, even though the defendant never moved to join Moshkowich as a party *(see, Matter of Lezette v Board of Educ.,* 35 NY2d 272), because her interest may be inequitably affected by a judgment in this action *(see,* CPLR 1001 [a]).

We have considered the appellants' remaining contentions and find them to be without merit. Balletta, J. P., Eiber, O'Brien and Santucci, JJ., concur.