OPINION OF THE COURT
Thomas P. Phelan, J.
This CPLR article 78 proceeding seeks to compel the Board of Education of the North Babylon Union Free School District *762 to, inter alia, appoint petitioner to a full-time English teaching position which became available on July 1, 1995.
The issue raised is whether the appointment of a tenured teacher from the preferred eligible list to a part-time position followed by the subsequent abolition of that part-time position acts to renew the seven-year period in which a teacher has preferred eligible rights pursuant to Education Law § 2510 (3) (a).
Education Law § 2510 (3) (a) provides in relevant part as follows: "If an office or position is abolished or if it is consolidated with another position without creating a new position, the person filling such position at the time of its abolishment or consolidation shall be placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur in an office or position similar to the one which.such person filled without reduction in salary or increment, provided the record of such person has been one of faithful, competent service in the office or position he has filled. The persons on such preferred list shall be reinstated or appointed to such vacancies in such corresponding or similar positions in the order of their length of service in the system at any time within seven years from the date of abolition or consolidation of such office or position.”
The Board of Education initially appointed petitioner, Teresa Avila, to a three-year probationary term as a full-time English teacher in 1978. After successfully completing this probationary term, Ms. Avila received tenure and continued as a full-time English teacher.
At the end of the 1986-1987 school year, the Board of Education abolished the teaching position occupied by Ms. Avila, and excessed her, pursuant to Education Law § 2510 (3),[1] to the preferred eligible list for appointment to a vacancy in a similar position.
Upon retirement of another English teacher, in September 1987 the Board of Education appointed Ms. Avila to that full-time English teaching position. This position was abolished at the end of the 1987-1988 school year; and, again Ms. Avila’s name returned to the preferred eligible list.
After five years and three months, in September 1994 a part-time position became available to Ms. Avila. Petitioner served *763 in this part-time position until the close of the 1994-1995 school year when this position was abolished and her services terminated effective June 30, 1995. The following day, July 1, 1995, a vacancy occurred in a full-time English teaching position; and, the Board of Education appointed Deidre Cerrito, the additional respondent herein, to fill that position effective September 1, 1995.
In this proceeding, Teresa Avila seeks appointment to the full-time English teaching position occasioned by the July 1, 1995 vacancy, together with back pay, damages and attorney’s fees. She contends that upon the abolishment of her two-fifths English teaching position at the end of the 1994-1995 school year, she again became entitled to be placed on the recall list with preferred eligible rights pursuant to Education Law § 2510 (3) (a). As such, Ms. Avila asserts that she should have been appointed to fill the vacancy for the full-time English teaching position which became available for the 1995-1996 school year.
Respondent Board, on the other hand, argues that Ms. Avila’s recall rights expired on June 30, 1995, seven years after she was excessed from her full-time position as an English teacher in 1988.[2]
Neither party has provided any judicial or New York State Department of Education ruling directly on point; nor has this court’s own research efforts proved successful in this regard.
Nevertheless, and for the following reasons, this court rejects the respondent’s finding that the termination of petitioner’s services from her part-time position failed to trigger anew the application of Education Law § 2510.
The New York State Department of Education has consistently held that the provisions of Education Law § 2510 are to be applied to those teachers whose services are terminated by reason of the abolishment of the position in which the teachers served, regardless of whether or not tenure exists (Matter of McPhillips, 13 Ed Dept Rep 95; Matter of Branche, 11 Ed Dept Rep 311; see, also, Matter of Sroka, 31 Ed Dept Rep 513, 516; Matter of Lezette v Board of Educ., 35 NY2d 272, 281).
In Matter of Branche (supra, at .312), which dealt with a probationary teacher, the Commissioner of Education specifi *764 cally found that if such a teacher has not been dismissed pursuant to its authority under other Education Law provisions[3] "but is instead abolishing a position, the requirements of § 2510 must be complied with regardless of the tenure status of the teachers involved”. (See also, Matter of Sroka, 31 Ed Dept Rep 513, supra.)
By contrast, in Matter of Sura (12 Ed Dept Rep 81, 82), where an untenured and part-time teacher was told by the Board of Education that "her services would not be required for the [following] year”, the petitioner therein was found to have no rights of preferred eligibility over another teacher with less seniority in the same area. In other words, since the services of an untenured employee "could be discontinued at any time at the option of the board of education” and this is precisely what occurred, the action of the Board was not an abolishment of the position but a lawful termination of services by other means (see, Matter of Sura, 12 Ed Dept Rep 301, 302-303). Hence, Education Law § 2510 did not apply.
Therefore, the circumstances triggering applicability of Education Law § 2510 have less to do with either the status of the position involved as part time or full time, or the status of the teacher as tenured or probationary, than with the reason for terminating the services of the teacher. If termination is due to the abolition of the position, then the provisions of Education Law § 2510 must apply. On the other hand, if the discharge is on alternative grounds, which grounds differ depending on the teacher’s status as tenured or not, then Education Law § 2510 will not apply.
That Ms. Avila also happens to be tenured in the same field in which she was employed part time when that position was abolished, merely evidences the fact that her termination was not for cause but due to the abolition of the position. The preferred eligibility afforded Ms. Avila pursuant to the Education Law was therefore triggered, effective June 30, 1995, when the part-time position was abolished.
As it is not disputed that petitioner Avila’s seniority rights exceeded those of additional respondent Deidre Cerrito, and there is no evidence to suggest that petitioner’s service has been other than faithful and competent, she is entitled to ap *765 pointment to the full-time English teaching position effective July 1, 1995, inclusive of back pay and benefits, less any other income received by her during this time which would otherwise constitute a windfall recovery (see, Matter of McPhillips, supra, at 99).
In finding that petitioner is entitled to appointment and back pay, the court is mindful of the well-settled general principle that "the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld” (Matter of Howard v Wyman, 28 NY2d 434, 438, quoted in Matter of Lezette v Board of Educ., supra, at 281; Matter of Ward v Nyquist, 43 NY2d 57, 63; Mahony v Board of Educ., 140 AD2d 33, 37).
Under these circumstances, however, respondent’s failure to return petitioner to the preferred eligible list pursuant to Education Law § 2510 ran so afoul of the rationale underlying the above-cited prior pronouncements of the New York State Commissioner of Education as to render respondent’s actions arbitrary and capricious.
Petitioner’s claim to additional relief pursuant to 42 USC § 1983 is summarily dismissed as the rights which flow from Education Law § 2510 are not themselves predicated on tenure, nor are they otherwise proprietary in nature.

. The papers before the court are not uniform in their reference to Education Law § 2510 inasmuch as petitioner’s brief refers instead to Education Law § 3013. As the pertinent provisions of these two statutes are identical, this discrepancy is without consequence (see, CPLR 2001).

. Respondent’s procedural challenge to the within proceeding, to wit, that petitioner’s failure to name a necessary party warranted dismissal was previously addressed in this court’s order dated May 1, 1996 wherein Deidre Cerrito was added as a respondent and given an opportunity to respond.

. Reference in Matter of Branche (supra) to a termination of services pursuant to Education Law § 3013 is not to be confused with the current provisions of section 3013. The provisions of Education Law § 3013 as they existed when Matter of Branche was decided were repealed in 1978 and are now covered in Education Law § 3012.