Hylton v WTC Tower 1 LLC (2023 NY Slip Op 05036)

Hylton v WTC Tower 1 LLC

2023 NY Slip Op 05036

Decided on October 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 05, 2023

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Rosado, JJ. 

Index No. 156171/19 Appeal No. 721 Case No. 2022-04359 

[*1]Dianna Hylton, Plaintiff-Respondent,
v
WTC Tower 1 LLC, et al., Defendants, Thyssenkrupp Elevator Corporation, Defendant-Appellant.

Kaufman Dolowich Voluck, LLP, Woodbury (Jorja Carr-Knecht of counsel), for appellant.
Kahn Gordon Timko & Rodriques, New York (Robert A. O'Hare, Jr. of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered September 15, 2022, which denied Thyssenkrupp Elevator Corporation's motion to dismiss the complaint for failure to join a necessary party, unanimously affirmed, without costs.
The court correctly determined that Conde Nast Publications, Inc. was not a necessary or indispensable party because no legal or factual basis was cited by Thyssenkrupp to assert a claim against it and consideration of Conde Nast's interests was unnecessary to the adjudication of the action (see Swezey v Merrill Lynch, Pierce, Fenner & Smith, Inc., 19 NY3d 543, 550-551 [2012]). Neither plaintiff nor Thyssenkrupp pointed to any evidence that Conde Nast was negligent or that it has some legal duty to maintain the elevator that serviced the building where it was a tenant; and plaintiff opposed joinder on this ground. Plaintiff's mere presence in the building occasioned by her employer's contract with Conde Nast is insufficient. Moreover, there was no evidence that nonjoinder will prevent the parties from obtaining full relief; and if such evidence surfaces, the court may at any stage and on its own motion determine if there is a nonjoinder of a necessary party (see Matter of Lezette v Board of Educ., Hudson City School Dist., 35 NY2d 272, 282 [1974]).
In any event, Thyssenkrupp may file a third-party action against Conde Nast pursuant to CPLR 1007 if it has a proper legal and factual basis to do so. Proceeding by subpoena will not impede its ability to obtain the discovery it states that it requires.
We have considered Thyssenkrupp's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2023