OPINION OF THE COURT
Wachtler, J.
The City of New York commenced this action to enjoin the defendant, Long Island Airports Limousine Service Corp. (LI-ALS) from carrying passengers into the city without the city’s consent. The Supreme Court denied the city’s motion for summary judgment, but the Appellate Division reversed and granted the injunction. The defendant appeals.
The defendant’s limousine service transports passengers from Nassau and Suffolk Counties to two airports, La Guardia and Kennedy, located in the City of New York. At the present time it transports approximately 5,000 passengers a week. It has been operating at least since 1961 when the State Commissioner of Transportation issued to the defendant a permanent certificate of necessity and convenience (Transportation Law, § 149) to provide public transportation between Nassau and Suffolk Counties and the city airports. In 1968 the defendant also obtained a franchise from the City of New York to *473 use the city streets en route to the airports. In 1977, however, the Board of Estimate of the City of New York adopted a resolution which canceled the franchise and refused to grant a renewal.
The defendant commenced an article 78 proceeding claiming that the city’s action violated due process, was arbitrary and capricious and was not supported by substantial evidence. The Supreme Court dismissed the petition on the ground that the Board of Estimate’s action was legislative in nature, and since the board had not exceeded its jurisdiction or acted illegally, its resolution was not subject to court review. The Appellate Division affirmed that judgment (60 AD2d 1005) and we dismissed the defendant’s appeal purportedly taken as of right (43 NY2d 949) and denied leave to appeal (44 NY2d 647).
After canceling the franchise the city also requested the State Commissioner of Transportation to revoke the certificate of public convenience and necessity which had been granted to the defendant. The commissioner ordered that a hearing be held.
While that proceeding was pending, the city commenced this action to enjoin the defendant from continuing to transport passengers to the city airports without the city’s consent claiming that this action violated section 362-1.0 of the Administrative Code, section 66 of the Transportation Corporations Law and constituted a trespass. The city also sought to recover unpaid franchise fees. The defendant did not deny the city’s claim for the franchise fees, nor did it dispute the facts alleged in the complaint. However it opposed the injunction on the ground, among others, that its operations in the City of New York "do not even require a local consent and this is one of the issues that presently confronts the Commissioner of Transportation.”
The city’s motion for summary judgment was granted in part. The court directed summary judgment on the fourth cause of action, seeking to recover the franchise fees. With respect to the other causes of action the court stated: "The issues presented by the City’s motion for injunctive relief which concern the legality of Long Island’s current operations under a state certificate of public convenience and necessity after the local consent has been revoked, are currently the subject of a proceeding previously instituted by the Commissioner. A hearing was held on April 12, 1978 at which the city, the Board of Estimate and Long Island were represented. *474 A decision has not yet been rendered. In the court’s opinion the underlying action, to the extent that it requests injunctive relief, is duplicative and premature.” Thus this branch of the motion was denied "without prejudice to renewal should such renewal be appropriate after a decision is rendered by the Commissioner.”
The city appealed to the Appellate Division. While that appeal was pending the Commissioner of Transportation determined that the defendant’s certificate should not be revoked. He noted that the Transportation Law "is silent with regard to [the commissioner’s] power to revoke that permanent certificate once a local consent has been granted and is thereafter terminated by a city.” He also noted that there "is no evidence revealing that LIALS is not rendering an adequate service to the public or that it is not in a position to continue to render such a service. Testimony received at the hearing indicates that LIALS transports approximately 5,000 passengers a week to and from the airports on its bus line operation. The Commissioner has an obligation to see that these Long Island residents continue to be provided a safe and reliable transportation system. The concern for the public interest is paramount.” The city petitioned for a rehearing but the application is still pending before the commissioner.*
The Appellate Division recognized in its decision that the commissioner had decided not to revoke the State certificate issued to the defendant. Nevertheless it reversed the Supreme Court and granted summary judgment to the city on the causes of action seeking an injunction because it "appears that the operation of defendant’s bus line over streets in the City of New York requires approval of both the State Commissioner of Transportation and of the City of New York.”
On this appeal the defendant argues that it does not need the city’s consent to operate the limousine service to the city airports, particularly when the State Commissioner of Transportation has determined that public convenience and necessity require the service and the local authorities have unreasonably withheld or refused consent. The city concedes that the State commissioner generally has the power to override the local authorities’ refusal to consent, if unreasonable (Transportation Law, § 150, subd 1), but argues that he may *475 not do so when a city is involved, even in cases where the city has unreasonably refused to consent. This poses an important question concerning the power of the State commissioner to insure adequate transportation into large metropolitan areas. But in our view it should not be decided in a case in which the commissioner is not a party.
A court may always consider whether there has been a failure to join a necessary party (First Nat. Bank v Shuler, 153 NY 163, 170; Matter of Lezette v Board of Educ., 35 NY2d 272, 282). Necessary parties are defined as "[pjersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action” (CPLR 1001, subd [a]). An action is subject to dismissal if there has been a failure to join a necessary party (CPLR 1003). The rule serves judicial economy by preventing a multiplicity of suits. It also insures fairness to third parties who ought not to be prejudiced or "embarrassed by judgments purporting to bind their rights or interest where they have had no opportunity to be heard” (First Nat. Bank v Shuler, supra, p 170; see 2 Weintein-Korn-Miller, NY Civ Prac, par 1001.01).
In this case the resolution of the controversy between the city and the limousine service involves a determination of the rights and powers of a third party, the State Commissioner of Transportation, who is not before the court. The propriety and effect of his action is not a purely incidental matter, nor can it be said that his determination bears absolutely no relationship to his statutory powers and responsibilities (cf. Matter of Castaways Motel v Schuyler, 24 NY2d 120, 125). Since neither the commissioner nor any other State official or agency having overlapping interests is a party to this action (cf. Matter of Castaways Motel v Schuyler, supra) an adverse determination would undoubtedly not be binding upon him (see, e.g., Siegel, New York Practice, § 132, p 163). However, to the extent that he may feel bound, as a practical matter, to accept an adverse holding without having been heard, he would be inequitably affected by the judgment. To the extent that he may choose to disregard a holding which is not binding on him, the judgment in this case may not produce a complete resolution of the controversy between the city and the limousine service. Thus we have concluded that the State Commissioner of Transportation is a necessary party to this action and the first three causes of action should, accordingly, be dismissed without *476 prejudice (CPLR 1003). We note, however, that there would appear to be no time bar to the commencement of a new action against the necessary parties should the city be so advised. Injunctive relief, if appropriate, would not be barred so long as the defendant continues to operate on the city streets and the commissioner’s action will not be final until he has ruled on the petition for a rehearing.
Accordingly, the order of the Appellate Division should be reversed and the first three causes of action dismissed, without prejudice.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones and Fuchsberg concur; Judge Meyer taking no part.
Order reversed, without costs, and the first, second and third causes of action dismissed, without prejudice.

 Following the Appellate Division’s decision in this case the commissioner informed the city that he intends to withhold determination of the petition for a rehearing until the appeal to this court has been completed.