OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified, with costs to appellant, to direct the deletion of the fourth decretal paragraph of the judgment of January 25, 1979, and as so modified, affirmed.
 

 The Scarsdale Bath and Tennis Club could have been acquired for use of residents of the unincorporated area of the Town and of the Village of Ardsley to the exclusion of residents of other villages within the town only if (1) the town board had first created a park district pursuant to subdivision 4 of section 198 of the Town Law, or (2) the property had been jointly acquired by the town and the village as permitted by sections 240 and 244-b of the General Municipal Law. Here the town did neither, acquiring title in its own name and on behalf of the town alone. Such an acquisition was authorized only by subdivision 4
 
 *918
 
 of section 220 of the Town Law and is, therefore, a town-wide improvement the costs and expenses of which are, as the Appellate Division held, assessable against all taxable property in the town. Nor are the villages other than Ardsley within the town necessary parties to the action (cf.
 
 City of New York v Long Is. Airports Limousine Serv. Corp.,
 
 48 NY2d 469), section 220 having given the town board authority to acquire a town-wide park without consultation with or leave by the villages within the town.
 

 Modification is necessary, however, to delete so much of the judgment as holds invalid the covenant in the deed to the town restricting access to the park to two streets running through the village. Whether that covenant runs afoul of our holding in
 
 Atlantic Beach Prop. Owners’ Assn. v Town of Hempstead
 
 (3 NY2d 434) is not an issue whiqh the village, as distinct from residents of the village who may be injured by the increased traffic created by the park use, may raise, it having been stipulated at trial that no such problem was created by the covenant for the village as distinct from its residents. Absent a right or interest of the village directly affected by the covenant, there is no standing on the part of the village to seek a declaration of the invalidity of the covenant
 
 (Marcus v Village of Mamaroneck,
 
 283 NY 325; see 24 Carmody-Wait 2d, NY Prac, § 147:28), and in any event no such declaration could be made in an action to which the grantors, in whose favor the restrictive covenant ostensibly runs, are not parties (City
 
 of New York v Long Is. Airports Limousine Serv. Corp.,
 
 48 NY2d 469, 475,
 
 supra;
 
 Carmody-Wait,
 
 op. cit.,
 
 § 147:27).
 

 Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Jasen taking no part.
 

 Order modified, with costs to appellants, in accordance with the memorandum herein and, as so modified, affirmed.