■ MICHAEL CATTI, Appellant, v W. E. BRYANT'S, INC., Respondent. — Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered September 28, 1983 in Ulster County, which, *inter alia,* granted defendant's motion to dismiss the complaint and for summary judgment on its counterclaims.

This is an action for declaratory judgment declaring that a garageman's lien allegedly possessed by defendant on the trac-

tor truck of plaintiff is void, for a permanent injunction prohibiting defendant from asserting said lien, and for damages allegedly resulting from defendant's conversion and wrongful detainment of plaintiff's tractor.

This case arises from a fatal accident which occurred on the New York State Thruway on January 21, 1983 involving a Greyhound bus and plaintiff's tractor trailer. Defendant, an authorized Thruway road servicer and tower, was called to the scene of the accident by the State Police.

Plaintiff's tractor sustained a small amount of damage and was partly towed and partly driven off the Thruway. Thereafter, it was towed to defendant's garage where it was stored pursuant to an impoundment order of the Ulster County District Attorney "pending investigation" relative to the cause of the accident. Plaintiff was informed by the State Police "that he was not free to remove [the tractor] from the scene".

The services rendered by defendant at the behest of the State Police, State Thruway Authority (Authority), the Department of Transportation (DOT) and the District Attorney, none of whom are parties to this action, included towing, clearing the scene of the accident, standby and waiting time, inspection of the tractor and storage. Plaintiff did not request or consent to any of these services. The tractor was released by DOT on February 2, 1983. Plaintiff refused to pay the bill submitted by defendant on January 24, 1983 and did not attempt to regain possession after being informed of the tractor's release by DOT. Rather, plaintiff commenced the present action.

Pursuant to an agreement between the parties, Special Term, on March 11, 1983, ordered the tractor returned to plaintiff and that an undertaking be filed. Thereafter, defendant's motion for an order dismissing the complaint and for summary judgment on its counterclaims was granted, and plaintiff's cross motion for summary judgment was denied. This appeal by plaintiff ensued.

Defendant contends that plaintiff, by using the Thruway implicitly consented to the Authority's control and regulations, including the imposition of the subject costs. It is thus defendant's position that liability for services rendered by defendant, at the behest of the various agencies, is imposed upon plaintiff and a lien on plaintiff's tractor is thereby created in defendant. Plaintiff contends that the Authority lacks the power to impose such an obligation upon him and, therefore there can be no implied consent necessary to create a valid lien in defendant.

A resolution of these issues necessarily depends upon the various agencies' authority to impose upon plaintiff the cost of

services rendered by defendant and may give rise to subsequent litigation. Accordingly, the State Police, the Authority, DOT and the County of Ulster are necessary parties (CPLR 1001, subd [a]; see *City of New York v Long Is. Airports Limousine Serv. Corp.,* 48 NY2d 469, 475). The order must, therefore, be reversed and the complaint dismissed without prejudice (*City of New York v Long Is. Airports Limousine Serv. Corp., supra,* pp 475-476).

We note that if it is established that the power of the Authority to impose costs upon plaintiff is implied, the most that could be imposed upon plaintiff here is the costs for towing and clearing the scene of the accident (see Vehicle and Traffic Law, § 1630, subd 19). Although the District Attorney has the power to impound plaintiff's tractor pending investigation to preserve possible evidence (cf. *People v Milerson,* 51 NY2d 919, 920-921), such authority does not impose upon plaintiff the cost of said impoundment and investigatory work. Indeed, defendant has presented no authority to support such an argument.

Order reversed, on the law, without costs, defendant's motion denied, and action dismissed without prejudice. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.