(April 16, 1985)

In the Matter of WINDSOR PLAZA Co., Appellant, v SYLVIA DEUTSCH et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents.

In 1973, Windsor Plaza received an alteration permit to change the windows on the first through sixth floors of its residential building at 925 Fifth Avenue, but the work was not completed due to access problems. This was amended in November 1979, with Windsor seeking to add eight more floors to the building. On June 30, 1980 Windsor amended the 1979 application with a superseding amendment seeking to add 12 floors instead of eight. Shortly thereafter the Buildings Department denied the amendment to add more floors, which also served to revoke the permit to alter the windows, the Department claiming that the application had been erroneously approved. This is permissible under Administrative Code of City of New York § C26-118.7. Windsor sought reconsideration by the Buildings Department but failed to appeal to the BSA, even though this appeal existed of right.

On May 19, 1981, the Landmarks Preservation Commission (LPC) designated the Upper East Side Historic District, which included Windsor Plaza. In July 1981 Windsor filed two new applications with the Buildings Department. One was for the installation of replacement windows, the other was to add 15 stories to the building.

Based on an opinion letter from the Corporation Counsel, the LPC concluded that its landmark designation was effective upon declaration. After the effective date, approval of changes to buildings in the area (including Windsor Plaza) must be made by the LPC, unless the Buildings Department had issued an outstanding permit before the effective date of the designation. Windsor contested the effective date, alleging that it was the date that the designation was made by the Board of Estimate, which was subsequent to the August 1981 application, not the LPC date.

The landmark question was consolidated with the permit denial questions and hearings were held by the BSA in late 1982 and early 1983. The BSA concluded that the proposed plans as to additional floors had been approved in error and, therefore, properly voided. The BSA also found that the window replacements that had been completed were valid. It concluded that the application to continue work on the windows was properly denied inasmuch as the LPC had declared this a landmark in May 1981 while Windsor's application was filed in August 1981. Therefore, only the LPC had jurisdiction to allow construction.

Inasmuch as the BSA agrees that the work on the windows did not violate the building code, it erred in revoking the entire 1973 permit, instead of just the 1979 amendment. While a court will uphold a zoning board's decision if it is rational and supported by substantial evidence (*see, Matter of Cowan v Kern,* 41 NY2d 591), the permit as to windows was improperly revoked.

Windsor's second action involved the question of whether the LPC could validly designate an historic district, or whether this required Board of Estimate approval. The issue is not properly presented in this proceeding as the LPC and the Board of Estimate are not parties. (*See, City of New York v Long Is. Airports Limousine Serv. Corp.,* 48 NY2d 469.) Concur — Murphy, P. J., Kupferman, Asch and Bloom, JJ.