■ INCORPORATED VILLAGE OF ATLANTIC BEACH, Appellant, v PEBBLE COVE HOMEOWNERS' ASSOCIATION, Respondent.—In an action, inter alia, to recover damages and to abate an alleged nuisance, the plaintiff appeals from an order of the Supreme Court, Nassau County (Christ, J.), entered December 7, 1987, which denied its motion for a preliminary injunction. The appeal brings up for review so much of an order of the same court dated January 15, 1988 as, upon reargument, adhered to its original determination (see, CPLR 5517 [b]).

Ordered that the appeal from the order entered December 7, 1987 is dismissed, as that order was superseded by the order dated January 15, 1988, made upon reargument; and it is further,

Ordered that the order dated January 15, 1988 is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

In October 1987 the plaintiff Incorporated Village of Atlantic Beach commenced the action at bar against the defendant Pebble Cove Homeowners' Association, seeking damages and equitable relief premised upon the drainage of water onto village streets emanating from the heating and air-conditioning systems utilized by the 48-unit Pebble Cove condominium development. Simultaneously with the service of the summons and complaint, the village moved for a preliminary injunction enjoining the defendant "from permitting water used in the heating and cooling systems of the townhouse development * * * from draining into the dry well system of the Village of Atlantic Beach in such quantities as to cause the water to flow out of the dry wells and onto the Village's streets".

The defendant opposed the motion, arguing, inter alia, that

inasmuch as the injunction would effectively shut down the unit owners' heating and air-conditioning systems, the 48 individual owners were necessary parties to the plaintiff's suit.

By order dated December 7, 1987, the court denied the motion, determining that plaintiff had failed to establish its entitlement to the injunction sought. Upon reargument, the court adhered to this determination. The plaintiff now appeals. We affirm.

Although we affirm, we do so for reasons which differ from those relied on by the Supreme Court. The plaintiff's failure to join the individual unit owners—necessary parties in light of the nature of the relief sought—requires denial of the motion *(see,* CPLR 1003; *City of New York v Long Is. Airports Limousine Serv. Corp.,* 48 NY2d 469). As the Court of Appeals has observed with regard to necessary parties, "[t]he rule serves judicial economy by preventing a multiplicity of suits. It also insures fairness to third parties who ought not to be prejudiced or 'embarrassed by judgments purporting to bind their rights or interest where they have had no opportunity to be heard' " *(City of New York v Long Is. Airports Limousine Serv. Corp., supra,* at 475, quoting *First Natl. Bank v Shuler,* 153 NY 163, 170; CPLR 1001; *see also,* 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1001.01). At bar, the injunctive relief sought by the village would directly affect the substantial rights of the unit owners inasmuch as the village seeks, in essence, to enjoin the unit owners from utilizing their individually controlled heating and air-conditioning systems, thereby potentially rendering the units uninhabitable or requiring the use of prohibitively expensive alternative systems *(cf., Incorporated Vil. of Ardsley v Town of Greenburgh,* 55 NY2d 915, 918, *rearg denied* 56 NY2d 646).

In light of our determination, we need not reach the plaintiff's remaining contentions. Eiber, J. P., Kooper, Sullivan and Balletta, JJ., concur.