*945 OPINION OF THE COURT
Thomas A. Dickerson, J.
In this action to collect $4,410, which sum represents the proceeds of a winning trifecta placed at Yonkers Raceway, the New York State Racing and Wagering Board (hereinafter the Board) seeks to intervene as a defendant. The plaintiff in this action is the holder of a winning trifecta racing ticket, issued in connection with a bet placed at Yonkers Raceway on May 3, 1993. The trifecta paid $4,410.
In this application to intervene, the Board contends that it learned of a "significant betting irregularity entailing a possible violation of Board rules” in connection with wagering on the subject race, and that, in response to such information, it directed Yonkers Raceway to "lock”, or hold the winning racing ticket without paying it.
In addition to ordering the ticket to be locked, the Board subpoenaed the plaintiff in February 1994 and directed her to appear and give testimony regarding the winning ticket. Upon plaintiff’s refusal to comply with the subpoena, the Board moved in Supreme Court, New York County, to have the plaintiff held in contempt. By order dated October 19, 1994, Hon. William J. Davis presiding, the court held that although the Board did have the authority to subpoena witnesses to give testimony, in the case before it the Board had failed to sustain its burden of establishing the relevancy of the testimony sought from this particular witness (plaintiff in the present litigation). The motion for contempt was thus denied. The Board asserts that the order denying the motion for contempt is the subject of an appeal.
In support of its present application to intervene, the Board argues that if Yonkers Raceway is found liable to the plaintiff in the present action the result will create confusion regarding the Raceway’s responsibility to comply with the Board’s rules and will undermine the Board’s supervision and control of racing in general. The Board also expressed concern that an adverse holding against the defendant, Yonkers Raceway, would impede a pending investigation of the race in issue.
In an affirmative defense to the complaint, defendant Yonkers Raceway pleaded that the racing ticket that forms the subject of this action was ordered to be held and not paid "pursuant to the instruction of a representative of the New York State Racing and Wagering Board”.
In opposition to the Board’s application, plaintiff asserts *946 that she is the holder of a winning "pari mutuel” ticket, which is a bearer instrument, and that she is unconditionally entitled to payment of same on presentation. Plaintiff further opposes the motion for intervention by urging the court to find that the Board’s interests may be preserved by representatives of the Board giving testimony as witnesses at the trial of this matter.
After reviewing the arguments propounded by the plaintiff, the defendant and the applicant for intervention, the court finds that the issue of Yonkers Raceway’s liability to the plaintiff will ultimately turn on the propriety of the Board’s locking order and on the propriety of the Raceway’s compliance with that order. A ruling that refuses to allow the Board to intervene may result in a determination regarding the propriety of the Board’s enforcement of its rules without the Board having an opportunity to appear and defend. Although this court’s holding would not, then, be res judicata as far as the Board is concerned, the Board would be left in the unenviable position of having to decide whether to comply with this court’s findings, although not represented in the present proceedings, or to continue with its investigation and, perhaps, its prosecution of this plaintiff in spite of the outcome in these proceedings. The Raceway may then be placed in the position of having to choose between complying with future Board orders or facing regulatory sanctions for refusing to comply with such orders when confronted with the prospect of civil litigation by third parties who wish to contest the effect of the Board’s rules. (See, City of New York v Long Is. Airports Limousine Serv. Corp., 48 NY2d 469 [1979].)
Thus this court will permit the New York State Racing and Wagering Board to intervene in the present action in order to assure that the Board’s interest in the supervision of racing in the State is protected and to avoid confusion. The clerk of the court is directed to amend the caption accordingly. The Board is directed to serve a copy of its answer on the parties by certified mail, return receipt requested, within 10 days of entry of this decision and order and to file proof of service of same with the court within three days after such service is effected.
The stay of arbitration imposed by the order to show cause dated March 17, 1995 shall be vacated upon the Board’s filing of proof of service of its answer on all parties.