[852 NYS2d 238]

In the Matter of ROBERT B. BERNSTEIN, Respondent, v PAUL J. FEINER, as Town Supervisor of the Town of Greenburgh, et al., Appellants.

Second Department, February 13, 2008

### APPEARANCES OF COUNSEL

*Timothy W. Lewis, Town Attorney*, Greenburgh (*David R. Fried* and *Richard L. Marasse* of counsel), for appellants.

*Robert B. Bernstein*, Hartsdale, respondent pro se.

*Keane & Beane, P.C.*, White Plains (*Richard L. O'Rourke* of counsel), for Joseph Bova, amicus curiae.

### OPINION OF THE COURT

SPOLZINO, J.P.

These appeals concern the allocation of the cost of a park that is located in the unincorporated area of the Town of Greenburgh. The park is open to use by all town residents, both those who reside in the unincorporated area of the town and those who reside in its incorporated villages. Nevertheless, the Town has imposed the cost of the park only upon the taxpayers of the Town's unincorporated area in accordance with its understanding that special legislation applicable only in the Town of Greenburgh requires that the cost of the park be so allocated.

The petitioner, who is a resident of the unincorporated area of the town, contends, and the Supreme Court agreed, that since the park is open to all town residents, its cost must be borne by all of the Town's taxpayers. This result would be correct in the absence of the special legislation upon which the Town relies. It is inconsistent, however, with the terms of that special legislation, which directs the manner in which park costs must be allocated in the town.

While it is true that compliance with the special legislation requires the Town to exclude village residents from parks for which they are not paying, the Town's failure to do so is not at issue here. The petitioner challenges only the allocation of the cost of the park, not its use. Since that allocation is the only issue before us, and the manner in which the allocation has been made is in compliance with the mandate imposed by the special legislation, we reverse the amended order and judgment insofar as appealed from and dismiss the petition.

The park in question is known as the Taxter Ridge Park Preserve. The park was purchased in 2004 through the joint efforts of the Town, the County of Westchester, and the State of New York, each of which contributed one third of the $10.9 million purchase price. Apparently as a consequence of the state and county contributions, the park is open to all residents of the State of New York. The Town's share of the purchase price was to be paid, however, through taxes imposed solely on the taxpayers in the unincorporated area of the town.

Ordinarily, the cost of parkland that is for the benefit of all the residents of a town is borne by all of the town's taxpayers (*see* Town Law § 232). The special legislation in issue (L 1982, ch 891), known as the Finneran Law after its Assembly sponsor, provides that in the Town of Greenburgh "all costs . . . of any public park . . . shall be raised by the levy of a tax upon the lots and parcels of land within said town located in the area *outside of incorporated villages*" (L 1982, ch 891, § 2 [emphasis supplied]). The statute further provides that, subject to an exception to allow for compliance with the terms of federal grants, such parks "shall . . . be restricted in use to residents of said town residing in the area of said town *outside of incorporated villages*" (*id.* [emphasis supplied]). The statute provides that the park may be opened to village residents, and its cost imposed on village taxpayers, only if the board of trustees of the village determines by resolution, subject to permissive referendum, that it is "in the public interest of the residents of such incorporated village to use the public park" (L 1982, ch 891, § 3). There has been no such resolution here.

The Finneran Law thus establishes, to the exclusion of the general rule, that, except where a federal grant is involved, "all costs" for parkland in the town will be paid by the taxpayers of the unincorporated area and the use of the park will be limited accordingly, unless a village government chooses to provide for participation by its residents and taxpayers. Since there is no federal participation here, and no village has chosen that its residents shall use, and its taxpayers pay for, the park, the Finneran Law required that the Town allocate the park's cost as it did.

This reading of the Finneran Law is confirmed by the legislative history of the law and the explicit findings made by the Legislature in adopting it. The Finneran Law was enacted in response to *Incorporated Vil. of Ardsley v Town of Greenburgh* (55 NY2d 915 [1982]), in which the Court of Appeals held that

absent the creation of a park district or joint action with one of the villages, the Town could not lawfully acquire parkland for the benefit of only the residents of the unincorporated area of the town and that the cost of any park acquisition is necessarily a town-wide charge. The stated purpose of the Finneran Law was to overturn that result and "to continue the town's aforesaid established procedure" (L 1982, ch 891, § 1). That "established procedure" was explicitly found by the Legislature to be as follows:

> "for at least the past twenty-five years, and for as long as can be determined by a review of public documents, the town of Greenburgh, Westchester county, has raised all capital and operation and maintenance costs of public park, playground and recreational facilities by the levy of a tax upon the lots and parcels of land located within said town located in the area outside of incorporated villages" (L 1982, ch 891, § 1).

It is this "established procedure" that the Town followed here.

The Supreme Court nevertheless essentially treated the Finneran Law as optional, holding that having effectively chosen to open the park to all town residents by entering into contracts with the State of New York and County of Westchester requiring that the park be open to all residents of the state, including residents of the incorporated villages, the Town was required to impose the cost of the park on all of the Town's taxpayers, including those in the incorporated villages, in accordance with the general rule established in the Town Law. The statutory language does not permit such a result. The language providing for the imposition of the cost on the residents of the unincorporated area is mandatory, not permissive. The permissive reading given by the Supreme Court would, moreover, render virtually meaningless the provision of the law that permits a village to opt into the use and cost of the park, since under such a reading the Town would be free, even without a resolution of the village board, to impose the cost of the park on village taxpayers simply by entering into a contract similar to those employed here.

It is true that the Finneran Law provides, with vigor equal to that of its provisions regarding the allocation of cost, that town parks may not be used by residents of the incorporated villages that do not choose to bear their share of the parks' costs. Even in light of this provision, however, the fact that the Town has effectively opened the parks to residents of the incorporated vil-

lages is not a basis upon which the Town may alter the allocation of costs mandated by the Finneran Law. Unlike the situation presented by a federal contractual obligation, the Finneran Law admits of no exception for state or county contracts. Since the Town cannot contract away compliance with its statutory obligations, those contracts cannot effect a departure from the terms of the statute that define the allocation of the park's cost.

Contrary to the petitioner's argument, the allocation of park costs effected by the Finneran Law is not unconstitutional on its face. The Legislature has broad discretion in determining the manner in which the burden of the cost of public facilities will be allocated (*see Matter of DuBois v Town Bd. of Town of New Paltz*, 35 NY2d 617, 623 [1974]; *Matter of Association of Bar of City of N.Y. v Lewisohn*, 34 NY2d 143, 156 [1974]). The only limit on this discretion is that there be a rational basis for the allocation that neither discriminates on the basis of a suspect class nor impairs a fundamental right (*see Miriam Osborn Mem. Home Assn. v Chassin*, 100 NY2d 544, 547 [2003]; *Port Jefferson Health Care Facility v Wing*, 94 NY2d 284, 289-290 [1999], *cert denied* 530 US 1276 [2000]; *Trump v Chu*, 65 NY2d 20, 25 [1985]). The Finneran Law satisfies this requirement. Under its terms, village taxpayers pay for a town park only when the village board of trustees elects that village residents will use the park.

Any constitutional challenge to the Finneran Law as applied here, moreover, must fail for the simple reason that the Finneran Law has not been applied, at least insofar as it concerns access to Taxter Ridge Park Preserve by village residents. Although the Finneran Law clearly requires the Town to deny access to the park to residents of the noncontributing villages, the Town has chosen not to do so. The reason for the Town's decision in this regard is readily apparent: two thirds of the cost of acquiring the park came from county and state funds—funds which would not have been available if access to the park were restricted to residents of the unincorporated area of the town in accordance with the Finneran Law. Thus, instead of burdening the taxpayers of the unincorporated area in the amount of $10.9 million for a restricted park, the Town has chosen to require that they pay one third of that amount for an unrestricted park.

While the petitioner could have brought this proceeding to compel the Town's full compliance with the Finneran Law by requiring that the use of the park be restricted to residents of the unincorporated area of the town, that is plainly not the

remedy he seeks. For obvious financial reasons, the petitioner is not asking that the Finneran Law be enforced. If it were, the absence of a resolution by any village board of trustees would require the exclusion of village residents from the park and result in the loss of state and county funding, since those entities will, presumably, not agree to fund the purchase of a restricted park. Thus, instead of embarking on a course that would substantially increase the tax burden on those, like himself, who reside in the unincorporated area of the town, the petitioner is demanding not that the Town enforce the Finneran Law by excluding village residents, but that it violate the Finneran Law by imposing a tax for the purchase of the park upon the residents of incorporated villages whose boards of trustees have not passed the requisite resolutions.

Thus, while the petitioner complains of the imposition of unequal tax burdens on persons who equally receive the benefits of the park, the source of the inequality at issue—the use of the park—is not before us. Since the Finneran Law clearly mandates that, in the absence of exceptions not applicable here, the cost of the park be imposed solely upon the taxpayers of the unincorporated area of the Town of Greenburgh, the respondents prevail. Accordingly, the amended order and judgment entered February 17, 2005, is reversed insofar as appealed from, on the law, that branch of the petition which was for a judgment declaring that Town Law § 232 prohibits the Town of Greenburgh from financing the cost of acquiring property known as Taxter Ridge for parkland by imposing a tax solely upon property owners residing in the unincorporated area of the Town of Greenburgh is denied, the petition is denied in its entirety, and it is declared that the Town of Greenburgh has correctly allocated the cost of the park to the residents of the Town's unincorporated area (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]); the order entered May 6, 2005, is vacated, and the appeal from the order entered May 6, 2005, is dismissed as academic in light of our determination of the appeal from the amended order and judgment.

FISHER, MILLER and DILLON, JJ., concur.

Ordered and adjudged that the amended order and judgment entered February 17, 2005, is reversed insofar as appealed from, on the law, that branch of the petition which was for a judgment declaring that Town Law § 232 prohibits the Town of

Greenburgh from financing the cost of acquiring property known as Taxter Ridge for parkland by imposing a tax solely upon property owners residing in the unincorporated area of the Town of Greenburgh is denied, the petition is denied in its entirety, and it is declared that the Town of Greenburgh has correctly allocated the cost of the park to the residents of the unincorporated area of the Town of Greenburgh, and the order entered May 6, 2005, made upon reargument is vacated; and it is further,

Ordered that the appeal from the order entered May 6, 2005, is dismissed as academic in light of our determination of the appeal from the amended order and judgment; and it is further,

Ordered that one bill of costs is awarded to the appellants.