Spain, J.
Appeal, by permission, from an order of the Supreme Court (Cahill, J.), entered May 3, 2012 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted petitioner’s cross motion to compel certain disclosure pursuant to the Freedom of Information Law.
In 2005, then New York Attorney General Eliot Spitzer commenced a civil enforcement action against petitioner, the former Chief Financial Officer of American International Group (hereinafter AIG), Maurice Greenberg, AIG’s former CEO, and AIG for allegedly engaging in fraudulent reinsurance transactions to bolster AIG’s publicly reported financial performance (see People v Greenberg, 2010 NY Slip Op 33216[U] [Sup Ct, NY County 2010], affd as mod 95 AD3d 474 [1st Dept 2012], affd 21 NY3d 439 [2013]). During the course of that civil enforcement action, petitioner — challenging the decision to prosecute the defendants in that action — sought discovery of certain documents including, among other things, the Attorney General’s investigatory files and communications with the press regarding that complaint and those named therein, including petitioner. In 2007, Supreme Court, New York County (Ramos, J.) denied a motion to compel disclosure by petitioner and Greenberg, finding that the documents sought were irrelevant to that action and pertained to unpleaded malicious prosecution claims.
Petitioner thereafter submitted a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request to respondent, seeking some of the same documents whose disclosure he had unsuccessfully sought to compel in the civil enforcement action. The request included “[a] 11 actual or proposed correspondence and communications’ ’ that respondent had with the media, “[a]II public statements” that respondent made and “[a]ll correspondence and communications within [respondent] from January 1, 2005 through December 31, 2006 concerning [p]ress [c]ommunications or [p]ublic [statements” related to petitioner, Greenberg or AIG. Respondent denied the request in part, stating that it would search for certain specified requested documents, but that certain other documents were exempt from FOIL as records compiled for law enforcement purposes (see Public Officers Law § 87 [2] [e]) and/or exempted inter-agency or intra-agency documents (see Public Officers Law § 87 [2] [g]). Respondent subsequently denied petitioner’s appeal from the partial denial, and further determined that the remaining documents for which it had agreed to search were exempt as attorney work product (see CPLR 3101 [c]; Public Officers Law § 87 [2] [a]).
Petitioner then commenced this CPLR article 78 proceeding
*1203 challenging respondent’s denial of his FOIL request. Supreme Court (Cahill, J.) initially held that the law enforcement exemption did not apply and directed respondent to provide petitioner with a log of documents falling under the intra-agency exemption. Respondent moved to renew or reargue the order or, in the alternative, for leave to appeal the order.[1] Petitioner cross-moved to compel disclosure, attaching a letter sent to respondent additionally requesting that, among other things, in complying with the initial Supreme Court order, respondent “should, inter alia, search for and produce all responsive communications and documents from former Attorney General Eliot Spitzer, including all responsive e-mail communications. It is our understanding that Mr. Spitzer used, inter alia, the following e-mail account: [ ]. Please include in your searches for responsive documents that e-mail account and any other used by Mr. Spitzer” (emphases added).[2] In response, respondent stated that it had searched Spitzer’s government email accounts and had not found any responsive documents and, further, that any private email account that Spitzer may have had was not an account to which respondent had access and, therefore, whatever emails were contained therein were not records within its possession.
After Supreme Court granted respondent’s motion for leave to appeal but before full briefing, the parties reached a settlement with regard to many of the requested documents, but expressly stated that the settlement did not resolve “any obligations that [respondent] may have with respect to any e-mails that . . . Spitzer may have sent from a personal email account and that are not in [respondent’s] possession.” With regard to those emails, Supreme Court subsequently granted petitioner’s cross motion to compel, holding that respondent had “both the responsibility and the obligation to gain access to” Spitzer’s private email account, in order “to determine whether the documents contained therein should be disclosed to petitioner in accordance with its FOIL request.” The court then granted a motion by respondent to appeal its order to this Court (see CPLR 5701 [b] [1]; [c]), seeking resolution of the question of “whether [respondent] has an obligation under FOIL to obtain and dis *1204 close e-mails sent to or from . . . Spitzer’s private e-mail account which were generated while he served in that capacity and which pertained to official agency business.” Respondent now appeals.
Respondent’s argument on appeal is that Supreme Court erred in ruling that it was required to “gain access to” Spitzer’s private email account to determine whether the documents contained therein should be disclosed pursuant to FOIL, as it has no obligation to seek out documents not in its possession and not kept or held “ ‘by, with or for [it]’ ” (Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of NY. at Farmingdale, 87 NY2d 410, 417 [1995], quoting Public Officer’s Law § 86 [4]). Respondent likewise submits that it presently lacks legal authority to gain access to such private documents.
Since at this juncture the object of this proceeding is Spitzer’s private email account(s), and the outcome of this appeal could be a directive to respondent to gain access to and review those private accounts, Spitzer would certainly be “inequitably affected by a judgment in th[is] [proceeding]” and “ought to be [a] part[y] if complete relief is to be accorded between the persons who are parties to [this proceeding]” (CPLR 1001 [a]). As such, Spitzer is a necessary party herein (see Matter of Hearst Corp. v New York State Police, 109 AD3d 32, 36-37 [2013]; Matter of Dunnigan v Waverly Police Dept., 279 AD2d 833, 834-835 [2001], lv denied 96 NY2d 710 [2001]). While not raised directly by the parties, “the court may at any stage of a case and on its own motion determine whether there is a nonjoinder of necessary parties” (Matter of Lezette v Board of Educ., Hudson City School Dist., 35 NY2d 272, 282 [1974]; see City of New York v Long Is. Airports Limousine Serv. Corp., 48 NY2d 469, 475 [1979]). “The rule . . . insures fairness to third parties who ought not to be prejudiced or ‘embarrassed by judgments purporting to bind their rights or interest where they have had no opportunity to be heard’ ” (City of New York v Long Is. Airports Limousine Serv. Corp., 48 NY2d at 475, quoting First Natl. Bank of Amsterdam v Shuler, 153 NY 163, 170 [1897]).
In this matter, resolution of the disputed FOIL demand directly impacts the personal property of Spitzer, now a private citizen who is not before this Court and whose significant private rights and property cannot be said to be protected by the current respondent, which admittedly does not represent Spitzer’s private interests. However, “[t]his [C]ourt has previously held that a court may not, on its own initiative, add or direct the addition of a party” (Olney v Areiter, 104 AD3d 1100, 1101 [2013]; see CPLR 1003). Accordingly, the matter must be *1205 remitted to Supreme Court to order Spitzer to be joined if he is subject to the jurisdiction of the court and, if not, to permit Spitzer’s joinder by stipulation, motion or otherwise and, “if joinder cannot be effectuated, the court must then determine whether the [proceeding] should be permitted to proceed in the absence of necessary parties” (id. at 1102; see CPLR 1001 [b]; Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725, 726-727 [2008]; see also CPLR 401, 1003).
Rose, J.P., Lahtinen and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.

. In support of its motion, respondent provided the affirmation of Assistant Attorney General Peter C. Dean, who stated that respondent had collected approximately 1.9 million pages of documents in its investigation of petitioner, Greenberg and AIG, and that in the enforcement action it held an additional 30 million pages of documents “that may contain responsive material” produced by nonparties.

. Spitzer was identified by respondent as one of 57 custodians who may have had documents responsive to the FOIL request.